23-2156

IN THE

# United States Court of Appeals
# for the Fourth Circuit

Richmond, Virginia

| | |
|---|---|
| **ANDREW U. D. STRAW**, | ) |
| *Appellant-Plaintiff, Pro Se,* | ) |
| | ) |
| v. | ) |
| | ) **CAMP LEJEUNE JUSTICE ACT** |
| **UNITED STATES**, | ) |
| *Appellee-Defendant.* | ) **ORAL ARG. NOT REQUESTED** |

Appeal from the United States District Court for
the Eastern District of North Carolina, Southern Division
Case No. 7:23-cv-00162-BO-BM
The Honorable Judge Terrence W. Boyle

DOCKETING STATEMENT

*[signature]*

s/ ANDREW U. D. STRAW
Putok Road, Apt. A
Población II
Bauan, Batangas 4201, The Philippines
Telephone: +63-966-752-1875 / 1-847-807-5237
andrew@andrewstraw.com

MAILING ADDRESS
(PREFERRED ADDRESS FOR US MAIL)
712 H ST NE, PMB 92403
Washington, D.C. 20002

SERVICE BY EMAIL (ENOTICE) PREFERRED

Statute or other authority establishing jurisdiction in the:

District Court: **28 U.S.C. § 1331**; Camp LeJeune Justice Act of 2022 (CLJA)

Court of Appeals: **28 U.S.C. § 1292(a)(1)**

Timeliness of Appeal:
1. Date of entry of order appealed from: **10/23/2023** (Dkt. 59)
2. Date the notice of appeal filed: **10/26/2023** (Dkt. 60)

Is the order or judgment appealed from a final decision on the merits? **No**, it is an interlocutory order denying injunction relief.

Based on Appellant's present knowledge:
Will this appeal involve a question of first impression? **No.**

Are any related cases or cases raising related issues pending in this Court, any district court of this circuit, or the Supreme Court? **Yes. Consolidated Case:**

*Camp LeJeune Water Litigation*, [7:23-cv-897](7:23-cv-897) (E.D.N.C.)

State the **nature of the suit**, the relief sought, and the outcome below:

This is a Camp LeJeune toxic water harm case, one of 1,100+ lawsuits on the same subject in the Eastern District of North Carolina. I was born at Camp LeJeune, exposed for 19 months as a fetus and infant, severely injured and disabled, suffering discrimination, my mother killed from a Camp LeJeune breast cancer while I was in Law School, and my daughter afflicted with Camp LeJeune scoliosis. All I wanted in my [Dkt. 56](Dkt. 56) motion was **health payments** to provide for my health care, cancer and other **screening** for the conditions on the Camp LeJeune list of likely conditions, payment for my **HHA** (who has been doing her work mostly free for 5 years), my **doctor costs**, my **medicines**, my **service animal** expenses, and so on. **$4,000 per month** for those things. I also asked for **$2,400 per month** for me to do graduate work on

Peace and Reconciliation (PAX) studies at University of Maine so as to restore me in part from the reputational damage and discrimination that goes with having 6 Camp LeJeune PCE-caused mental illnesses (*See*, Dkt. 55 short form complaint) that a state supreme court (my former employer) forced out of me with its bar application form and doctor statement requirements. The defendant by counsel did NOT oppose my Dkt. 56 motion for this relief and while it did oppose my similar earlier motion (Dkt. 9) in Dkt. 16, it also attempted to avoid paying me with an affirmative defense (#13 in Dkt. 17 at **page 29**) that I had not adequately **mitigated the damage**. This LOAN to be repaid from my damage award or settlement *is* a mitigating and remediating type of relief and it should have been granted. The trial judge made **NO factual findings** and **provided NO legal explanation for denying**, his 1-page ORDER on its face only revealing that he claimed to have read the motion before denying it.

Thus, the Dkt. 59 ORDER was **clearly erroneous** as a factual matter because it made ==no findings of fact==. It was an **abuse of discretion** because my mitigating health care and cancer and other screening avoids damage to me and reduces the chance of the defendant having to pay for my ==wrongful death==. My 6 mental illnesses (Dkt. 55, **pages 3-4**) come with an extremely high chance of suicide compared with the general population. Without any factual reasons or legal reasons to deny my Dkt. 56 MOTION, the Dkt. 59 denial ORDER is irrational, arbitrary and capricious on its face, and causes **harm to both sides of the caption** because this is mitigating relief for **harm** that CLJA mandates that Court to relieve. The trial judge has no right to withhold this justice so flippantly when I HAVE NO HEALTH INSURANCE THAT

3

COVERS ME WHERE I LIVE so my SSDI is drained and burdened and my finances in ruin. The trial judge's past hostility to the rights of disabled people appears to be raising its head again. *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 31 A.D. Cas. 546 (4th Cir. 2015).

Judge Boyle should be removed from my case and all CLJA cases if he cannot even bring himself to provide factual findings and follow the law for a group of people severely injured over the past 70 years without relief, with federal courts only denying us, so that there is a right to justice ==only available now== because of ***Congress*** and the Camp LeJeune Justice Act of 2022, Public Law 117-168, SEC. 804(b). There is no space by now for a judge with a bad attitude at this time who chokes CLJA justice at its birth. Victims are dying every month because the Navy and Court below are so slow. I ask this relief so I can avoid becoming a ==wrongful death== instead of a protected and PAID victim while I live.

The Dkt. 59 DENIAL ORDER is an attempt to nickel and dime this poisoned USMC dependent when the ==117,000 CLJA claims== now amount to ==$3.3 trillion== (7:23-cv-897, Dkt. 34, **page 15**), reported by Bloomberg Law. To say *I* should not have the health care and education payments I need amounting to just **$6,400 per month** (LOAN ONLY) with that tidal wave of legitimate claims, averaging over **$28 million each**, is just plain ==offensive== and ==singles me out for injustice so I die waiting==.

4

Issues to be raised on appeal.

1. First, *IFP* should be granted on appeal because this Court granted it already concerning the same matter in 23-1120 earlier this year and my poverty on SSDI with no employment remains. I intend to file my *IFP* application.

2. Second, the Dkt. 59 ORDER should be found **clearly erroneous** because it ==wholly failed to make factual findings==.

3. Third, the Dkt. 59 ORDER should be found to violate the rule against **abuse of discretion** because all the elements of an injunctive relief have been demonstrated here. I explained why injunctive relief is available in Dkt. 19. For instance, **my presence for 19 months** was demonstrated. My injuries were demonstrated. my need for the relief was demonstrated. But the trial judge refused while ==providing no legal reasons== for denying this amply explained and substantiated MOTION. All trial judge did was say he read my motion. That is not legal reasoning. Asking for health payments when I have ==6 mental illnesses== connected via medical studies with the PCE to which I was exposed as a fetus and infant at Camp LeJeune, and when *both* my parents got Camp LeJeune cancers or tumors is asking just **plain basic humanity toward a proven victim** when CLJA clearly mandates in SEC. 804(b) that such ==harms be relieved==. With Judge Dever in EDNC earlier this year saying CLJA trials could take ==1,900 years==, that makes temporary equitable relief to avoid harm and mitigate and remediate that harm **now** that much more necessary and **immediately so**. The relief should be backdated and begin when CLJA passed, August 2022. $6,400 x 14 months as of October 10, and ongoing as a 0% interest loan. A total of **$6,400 x 15 months** as of November 10, 2022, and so on.

Is settlement being discussed? **No**

Is disposition on motions, memoranda, or abbreviated briefing schedule appropriate? **Yes**

Is oral argument necessary? **No.**

Were there any in-court proceedings below? **Yes.** Hearings were conducted but not for this Dkt. 56 motion (proposed order at Dkt. 56-2).

## FRAP RULE 24(c) REQUEST

Since I proceed with *IFP* granted in [23-1120](#) and provide another *IFP* application for this appeal, I request per FRAP Rule 24(c) that I be allowed to be heard on the record below without reproducing it. My brief contains URL links to documents in the record hosted by CourtListener, a free service that allows the public to view officially filed and stamped Court documents without the exorbitant fees of PACER. PACER does not even provide such a URL service. My case docket on CourtListener is at this URL:

https://www.courtlistener.com/docket/66839685/straw-v-united-states/

## ADVERSE PARTIES (APPELLEES)

**UNITED STATES**

## APPELLANT

**ANDREW U. D. STRAW**, *plaintiff* below, a member of the bar of the U.S. Court of Appeals for the Fourth Circuit.
712 H ST NE, PMB 92403
Washington, D.C. 20002
Tel. (847) 807-5237
andrew@andrewstraw.com

Appellant will be handling his appeal *pro se*.

Signed this 2nd day of November, 2023

*/s/ Andrew U. D. Straw*

ANDREW U. D. STRAW
712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone:   (847) 807-5237
E-mail:       andrew@andrewstraw.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing:

**DOCKETING STATEMENT**

with the Clerk of Court using the CM/ECF system, which will serve the attached on all counsel of record.

Dated this 2nd day of November, 2023

*/s/ Andrew U. D. Straw*

ANDREW U. D. STRAW
712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone:  (847) 807-5237
E-mail:  andrew@andrewstraw.com

U.S. District Court for the Eastern District of North Carolina, Southern Division

| Name of Assigned Judge | Hon. Terrence W. Boyle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 7:23-cv-162-BO-BM | DATE | 10/23/2023 |
| CASE TITLE | ANDREW U. D. STRAW v. UNITED STATES | | |
| Docket Entry Text (Dkt. 59) | | | |
| ORDER denying [56] Motion for Leave to File. Signed by District Judge Terrence W. Boyle on 10/23/2023. (*Pro se* party has consented to receiving electronic service of all motions, notices, orders, and documents in civil cases in the Eastern District of North Carolina.) (Sellers, N.) (Filed on 10/23/2023)<br><br>(rfm) (Entered: 10/23/2023) | | | |