23-2156

IN THE

# United States Court of Appeals
# for the Fourth Circuit

Richmond, Virginia

| | |
|---|---|
| **ANDREW U. D. STRAW**, | ) |
| *Appellant-Plaintiff, Pro Se,* | ) |
| | ) |
| v. | ) |
| | ) **CAMP LEJEUNE JUSTICE ACT** |
| **UNITED STATES**, | ) |
| Appellee-Defendant. | ) **ORAL ARG. NOT REQUESTED** |

Appeal from the United States District Court for
the Eastern District of North Carolina, Southern Division
Case No. 7:23-cv-00162-BO-BM
The Honorable Judge Terrence W. Boyle

NOTICE OF FURTHER ERRORS AND ABUSES OF DISCRETION
IN DKT. 65 ORDER DENYING DKT. 57-4 AND DKT. 58 MOTIONS

*[signature]*

s/ ANDREW U. D. STRAW
Putok Road, Apt. A
Población II
Bauan, Batangas 4201, The Philippines
Telephone: +63-966-752-1875 / 1-847-807-5237
andrew@andrewstraw.com

MAILING ADDRESS
(PREFERRED ADDRESS FOR US MAIL)
9169 W STATE ST STE 690
Garden City, ID 837114-1733

SERVICE BY EMAIL (ENOTICE) PREFERRED

I, *Appellant* Andrew U. D. Straw, make this NOTICE regarding the Trial Judge denying two more motions pending for relief specific to my case, not global, and again like with Dkt. 59, the Dkt. 65 TEXT ORDER provides no factual findings or legal reasoning:

1. This appeal was filed to address the Dkt. 59 ORDER of the trial court that failed to make any factual finding or provide any legal basis besides simply concluding without reasoning that my Dkt. 56 motion did not demonstrate good cause for leave to file it when in fact it did.

2. Now, with this Court having jurisdiction to decide what was before the Court below in this matter, the Court below has denied my other two pending motions.

3. My motion at Dkt. 57-4 was a simple request to provide a **declaratory judgment** that my Virginia State Bar exoneration ORDER (Dkt. 49-2) of June 2017 has **Last in Time** final *res judicata* effect over the earlier February 2017 Indiana Supreme Court ORDER leaving my law licenses in the Midwest suspended for 6.5 years so that the U.S. DOJ will stop attacking me over this. DOJ attacked me on this basis as recently as Dkt. 45. I never violated any legal ethics rule and Virginia's 5-judge panel saw it clearly, renouncing what my former employer did in Indiana, a state that bans all disabled people from the bar.

4. I asked for that declaratory relief because a big part of my CLJA claims involves **discrimination based on the 6 mental illnesses** that Camp LeJeune poisoning imposed on me that ruined my entire life. This is not an issue that will be resolved in someone else's trial and will not be resolved in any general, global ORDER in the consolidated case, **7:23-cv-897**.

5. Yet, this Indiana attack is **a harm from the Camp LeJeune poisoning** that CLJA, SEC. 804(b), should be invoked to address.

6. There is no question that VSB acted last in time and the law is well settled nationwide (at least 421 citations to the leading case) as I explained in Dkt. 57-4, so that part of the text ORDER at **Dkt. 65** is wholly without any factual foundation or legal reasoning and should be reversed summarily.

7. This is the text of the ORDER at **Dkt. 65**:

    > TEXT ORDER denying [57] Motion for Leave to File; denying [58] Motion for Leave to File. The Court has reviewed plaintiff's motions, and plaintiff fails to show good cause for leave to file his motions. Thus, in accordance with Case Management Order No. 2, section VII, of the Master Docket, 7:23-cv-897, plaintiff's motions are denied. Signed by District Judge Terrence W. Boyle on 11/9/2023. (*Pro se* party has consented to receiving electronic service of all motions, notices, orders, and documents in civil cases in the Eastern District of North Carolina.) (Sellers, N.)

8. Thus, in barely a paragraph this time, the trial judge again denies my 2 motions which had ample explanation of their importance to my individual case, not the global matter, so I was denied twice today without any factual finding or legal reasoning.

9. This makes two more strikes along with the first strike, Dkt. 59, which also denied me without any factual finding or legal reasoning. 3 strikes total.

10. My Dkt. 58 motion was designed to generate factual findings to enable the government to accept my facts with admissible evidence (Dkt. 9-1) showing that I met the residence requirement and injury requirements as well as causation under the Act. None of this can be denied by a reasonable person and

it was an abuse of discretion to deny me without any factual finding or legal reasoning, again. Counsel for the government did not even oppose these motions, again. Not one of these 3 motions was opposed. **Dkts. 56, 57-4, & 58.**

11. My presence was based on official government documents provided to me by the National Archives, the U.S. Navy, and in the case of my birth certificate showing birth at Camp LeJeune Naval Hospital, the State of North Carolina.

12. I had ample adjudications from other federal courts and evidence in the records of other federal courts that showed my injuries are real and demonstrated. The Federal Circuit even has adjudicated that I was born at Camp LeJeune smack in the middle of the toxic water time. *Straw v. Wilkie*, 20-2090, 843 F. App'x 263 (Fed. Cir. 1/15/2021)

13. These declarations would have sped this matter along to conclusion, but instead the trial judge does not want to provide his honest services to me.

14. For this reason, I made an affidavit to the District Court asking Judge Boyle to be replaced. I did this prior to learning about the new denials and the pain that judge is causing my household when he has an obligation under this law to act in my favor and do it promptly. CLJA, SEC. 804(b).

15. Judge Dever said earlier this year that delay would mean justice will take 1,900 years. Judge Boyle seems to want that result and that is why he won't cooperate and this is an abuse of discretion, exactly the same sort that he displayed in Dkt. 59. No factual findings meaning **clearly erroneous factually**, and no legal reasoning meaning **abuse of discretion**.

WHEREFORE, I hope the Court will take notice of these new abuses and rectify them all for the edification not only of my trial judge, but to give some direction to the entire bench of the Eastern District of North Carolina so justice finally is done after 70 years of pain, suffering, and death without continuing the unjustified display of delay since this law was passed **15 months ago** on 8/10/2022. Victims do not have this time.

I, Andrew U. D. Straw, verify that the statements above are true and correct on penalty of perjury.

Signed this 9th day of November, 2023

*[signature]*

ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 837114-1733
Telephone:   (847) 807-5237
E-mail:       andrew@andrewstraw.com

### CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing **NOTICE** with the Clerk of Court using the CM/ECF system, which will serve the attached on all counsel of record. I also sent on this date a copy of this filing via U.S. Mail to the U.S. Department of Justice at the following address: P.O. Box 340, Ben Franklin Station, Washington, DC 20044-0340

Dated this 9th day of November, 2023

*[signature]*

ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 837114-1733
Telephone:   (847) 807-5237
E-mail:       andrew@andrewstraw.com