23-2156

IN THE

# United States Court of Appeals
# for the Fourth Circuit

Richmond, Virginia

| | |
|---|---|
| **ANDREW U. D. STRAW**, | ) |
|     *Appellant-Plaintiff, Pro Se,* | ) |
| | ) |
| v. | ) |
| | )   **CAMP LEJEUNE JUSTICE ACT** |
| **UNITED STATES**, | ) |
|     *Appellee-Defendant.* | )   **ORAL ARG. NOT REQUESTED** |

---

Appeal from the United States District Court for
the Eastern District of North Carolina, Southern Division
Case No. 7:23-cv-00162-BO-BM
The Honorable Judge Terrence W. Boyle

---

FRAP RULE 28(j) CITATION OF SUPPLEMENTAL AUTHORITIES

---

s/ ANDREW U. D. STRAW
Putok Road, Apt. A
Población II
Bauan, Batangas 4201, The Philippines
Telephone: +63-966-752-1875 / 1-847-807-5237
andrew@andrewstraw.com

MAILING ADDRESS
(PREFERRED ADDRESS FOR US MAIL)
9169 W STATE ST STE 690
Garden City, ID 83714-1733

SERVICE BY EMAIL (ENOTICE) PREFERRED

I,    *Appellant*   Andrew   U.   D.   Straw,   make   this   NOTICE:

1. The government admitted to the toxins being in the water in its answers to my original complaints (Dkt. 1 & Dkt. 25). The answers below appear at Dkt. 17 and Dkt. 27.

2. The Court below gave all plaintiffs the chance to file a **short form complaint** in compliance with the case management orders in the consolidated case. Mine with its list of conditions was filed at Dkt. 55 on **10/5/2023**.

3. The case management orders in the consolidated case (7:23-cv-897) directed the Leadership Counsel to file a Master Complaint to apply in all CLJA cases in which a short form complaint was filed, like mine. The Master Complaint appears at Dkt. 25, entered on **October 6, 2023**. The Court provided **45 days** for the answer of the United States, making that deadline **November 20, 2023**.

4. The United States filed its ANSWER on **November 20, 2023**, the very last day to file it. Dkt. 50 in the consolidated case.

5. The United States also brazenly demands that the jury trial right be snuffed out even with a section of CLJA mentioning the right. Dkt. 51 / 51-1 / 51-2

6. The government provided its technical assistance to Congress at Dkt. 51-2 and it is worth noting that while DOJ fights tooth and nail against this justice, it recommended at **page 2** for Congress to provide a simple, no-fault benefit instead of *resetting litigation* at risk of great delay and expense:

> Rather than create a system for swift and efficient payment of worthy claims, Section 706 will reset decades-old litigation, at great time and expense for all involved. We therefore recommend that Congress consider an alternative solution that would replace individual litigation

of these matters with a no-fault compensation scheme of the type that has worked well in similar contexts.

7. I asked for a benefit like that in 2015 for the "Children of Camp LeJeune." My suggestions were featured on KLTV in Texas but ignored by the powers:

8. https://www.youtube.com/watch?v=MKojwUm0qwk

9. DOJ *can* treat this CLJA as a simple benefit but *chooses* to fight against victims just like it did in MDL-2218, even raising many of the same bogus and disrespectful defenses and **USING THE SAME LAWYER**: Adam Bain.

10. DOJ is NOT listening to Congress or the victims but wants to superimpose its own illegitimate will to defy Congress and cause **more suffering and death via delay**. Congress does not mandate DOJ or the Navy to defend. **They should not.**

11. The Dkt. 50 Answer filed on 11/20/2023 was **53 pages long** and contained literally **hundreds of admissions** of law and fact, with at least one admission on *every page* from **pages 1 to 48**.

12. This poisoning happened. Congress recognized it and provided CLJA as relief for **any injury** reaching the very low causation standard of **"equipoise."**

13. Given the massive number of factual and legal admissions and the reality that I am likely to win my case on the merits with my being **present 583 days** (Dkt. 9-1 below) and having suffered a constellation of injuries (Dkt. 55 below) provable at that equipoise level with medical proofs in www.Pubmed.gov studies, my Dkt. 56 loan relief should be granted. *See*:

14. http://cljaclaims.andrewstraw.com (3 generations of injury claimed)

15. http://organs.andrewstraw.com (injuries & medical study proofs)

3

16. I fit squarely in the group of people poisoned **BOTH** *in utero* **AND** as an infant at Camp LeJeune over 30 days with 583 days of exposure, making me among the **most susceptible to these injuries** and with the most natural law rights to **deference and protection**.

17. I was *born there* (Dkt. 9-1, page 1) smack in the middle of the toxic water time, *prior to* any EPA evaluation or Superfund designation,[1] violating my human rights, with **no CLFMP VA health care** to protect me or **any compensation from VA or DOJ**. I should have been compensated in the MDL but DOJ opposed me.

18. I was made to **walk the plank** as a fetus and infant through no fault of my own.

19. There being **no opposition** below to any of my 3 motions (Dkts. 56, 57-4, & 58) and a tsunami of relevant government CLJA admissions in those consolidated case Dkt. 50 ANSWERS filed yesterday, 11/20/2023, ==all 3 of my motions should be granted==. The absolutely unreasoned orders at Dkt. 59 and **Dkt. 65** (text order), lacking any factual findings, should be reversed summarily as **clearly erroneous** on the facts and **abuses of discretion** on the law, as I have requested. I should be granted ==a change of judge== due to Judge Terrence Boyle's bias against people with disabilities. *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 31 A.D. Cas. 546 (4th Cir. 2015)

WHEREFORE, the appellee failed to brief at all as of the time of this filing and failed to oppose my 3 motions below (**Dkts.** 56, 57-4, & 58) for injunctive and declaratory

---

[1] The EPA was not even established until **December 2, 1970**: https://www.epa.gov/history

My family left Camp LeJeune on **July 24, 1970**, after 19 months. Dkt. 9-1, **page 3**.

4

relief. The ORDERs at **Dkts.** 59 & 65 were without *any* factual finding and lacked *any* legal reasoning. Reversal is appropriate so <mark>my harms can be mitigated</mark> as the defendant wanted in Dkt. 17 below (Aff. Def. #13, **page 29**), and declaratory relief granted as authorized by 28 U.S.C. § 2201. The Answers with hundreds of government admissions at Dkt. 50 of the consolidated case are relevant to this appeal and should be noted as supporting my relief.

I, Andrew U. D. Straw, verify that the statements above are true and correct on penalty of perjury.

Signed this 21st day of November, 2023

*/s/ Andrew U. D. Straw*

ANDREW U. D. STRAW, *pro se appellant*
9169 W STATE ST STE 690
Garden City, ID 837114-1733
Telephone:   (847) 807-5237     E-mail:    andrew@andrewstraw.com


## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, hereby certify that on the date set forth below, I electronically filed the foregoing **RULE 28(j) NOTICE** with the Clerk of Court using the CM/ECF system, which will serve the attached on all counsel of record. The government should be obliged to review the docket and appear and accept CM/ECF service now that I have made it aware of this appeal. *See*, Dkt. 19.

Nonetheless, I also mailed on the below date a copy of this document via U.S. Mail, First Class and Postage Prepaid, to the appellee at: P.O. Box 340, Ben Franklin Station, Washington, DC 20044-0340

Dated this 21st day of November, 2023

*/s/ Andrew U. D. Straw*

ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 837114-1733
Telephone:   (847) 807-5237
E-mail:      andrew@andrewstraw.com