23-2156

IN THE

# United States Court of Appeals
## for the Fourth Circuit

Richmond, Virginia

**ANDREW U. D. STRAW**,                )
    *Appellant-Plaintiff, Pro Se,*    )
                              )
        v.                          )
                              )      **CAMP LEJEUNE JUSTICE ACT**
**UNITED STATES**,                    )
    Appellee-Defendant.          )      **ORAL ARG. NOT REQUESTED**

Appeal from the United States District Court for
the Eastern District of North Carolina, Southern Division
Case No. 7:23-cv-00162-BO-BM
The Honorable Judge Terrence W. Boyle

NOTICE OF APPELLEE'S FAILURES TO APPEAR, TO RESPOND TO
APPELLANT'S BRIEF, AND TO RESPOND TO ALL PENDING MOTIONS

s/ ANDREW U. D. STRAW
Putok Road, Apt. A
Población II
Bauan, Batangas 4201, The Philippines
Telephone: +63-966-752-1875 / 1-847-807-5237
andrew@andrewstraw.com

MAILING ADDRESS
(PREFERRED ADDRESS FOR US MAIL)
9169 W STATE ST STE 690
Garden City, ID 83714-1733

SERVICE BY EMAIL (ENOTICE) PREFERRED

I, *Appellant* Andrew U. D. Straw, make this NOTICE OF FAILURE TO RESPOND:

1. This Court granted me *IFP* status for this interlocutory appeal, 23-2156, [Dkt. 8](#) here, on **11/2/2023**.

### APPELLEE FAILURE TO BRIEF HERE

2. I E-filed my opening brief as appellant on **November 2, 2023**. [Dkt. 7-1](#).

3. The briefing order ([Dkt. 3](#), filed **November 2, 2023**) provided **14 days** to file an appellee responsive brief after my **service** of my opening brief. I served my opening brief via U.S. Mail on ==**November 3, 2023**==, and the appellee actually received it on **November 7, 2023**. [Dkt. 19](#). Full case docket: [here](#).

4. The deadline for filing an appellee brief was thus at the very latest on **November 21, 2023**, when appellee had **actual notice** of this appeal 14 days earlier. The more likely deadline was ==**November 17, 2023**==, 14 days after I mailed the opening brief via U.S. Mail on **November 3, 2023**.

5. In either case, today is ==**December 6, 2023**==, and the appellee has neither appeared nor filed any opposition to the opening brief. Nor has defendant/appellee requested more time to do so. ==**Why?**==

6. Because I ask for justice under the Camp LeJeune Justice Act of 2022 and I am eligible from my demonstrated ([Dkt. 9-1](#)) **583 days of Camp LeJeune exposure, 1968-1970,** and **many, many injuries** from those toxins. *See,* [Dkt. 55](#).

7. Denying my cancer screening and health payments when **both my parents got Camp LeJeune cancers** and **my mother died of hers** is nonsensical, without any good purpose, and so ==**there is no defense**==. Not one word of defense was filed.

8. That is why the trial judge could not muster a single factual finding against me (**Dkts.** 59 & **65**) or any legal argument to deny me besides <mark>**arbitrarily saying NO**</mark>. My substantiated affidavit (Dkt. 66 below) requesting a change of judge was denied with a similar **lack of factual findings** or **legal reasoning**. **Dkt. 70**.[1]

### FAILURE TO RESPOND TO MY MOTIONS ON APPEAL

9. I made a motion in this appeal (Dkt. 24) to direct the Court below to force the defendant to **offer victims exactly what they claim** in their required USN JAG claim forms under CLJA, including to me. My family and I have 16 claims.

10. I served that motion via U.S. Mail on the same day (**11/11/2023**) to the appellee.

11. Thus, the appellee by counsel had 10 days under FRAP Rule 27(a)(3)(A) to respond.

12. Like with my opening brief, the appellee was fully aware of this motion and served via U.S. Mail, and aware of this appeal generally. Dkt. 19.

13. Instead of responding to my motion, the government has answered the Master Complaint in the consolidated case and demanded that these administrative amounts are **the most anyone can receive**. (7:23-cv-897, Dkt. 50, **page 50**; also denying jury trial right on **page 49**). On the same day, the government asserted a motion to strike so that **no jury trial right** will exist for any of these 130,000+ victims with CLJA claims. (7:23-cv-897, Dkts. 51, 51-1, 51-2).

---

[1] There is a real question whether the district court retained the power and jurisdiction to deny motions with this appeal pending. *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023)

14. These positions provide a logical opportunity for every victim to be offered exactly what they asked from Navy JAG. DOJ says no more can be provided and if the Court below agrees, there will be **no jury trials** and damages will be determined by **judges as a matter of law** with the claim form damage **cap**.

15. I made a motion here to grant the *IFP* denied via nonfeasance for nearly 10 months below when the Fourth Circuit has granted this status to me twice in 2023. Dkt. 31 was filed and served on **November 21, 2023**. The 10 day time limit for responding was **December 1, 2023**. No response was filed.

16. I also made a motion to force DOJ attorney Adam Bain to make *mea culpa* statements if he chooses to come before any federal court against Camp LeJeune victims again,[2] since he has opposed these victims for 20 years with no apparent remorse at all. Dkt. 33 was filed and served on **November 25, 2023**. The 10 day deadline to respond was **December 5, 2023**. No response was filed.

WHEREFORE, my appeal should be granted with respect to the denial ORDERS of my motions below at Dkts. 56, 57-4, and 58 because **no appellee/defendant response** has happened either here or below. The denial orders at **Dkts.** 59 **& 65** fail as matters of fact AND law. Same with my Dkt. 24 and Dkt. 31 and Dkt. 33 motions here: **they were not opposed by the appellee**. There was **no request for more time** either.

Moreover, given there was no opposition to my *IFP* application below and with two (2) grants of *IFP* by the Fourth Circuit in 2023 to me, my motion at Dkt. 31 should be granted summarily. A change of judge (Dkt. 34) is also necessary below.

---

[2] *See*, 7:23-cv-897, Dkt. 66, page 16: **"shameful history"**

I hope my Panel will agree to all these **unopposed** reliefs.[3] The whole matter is being tainted by the dishonest acts of the government in trying to prevent jury trials and in trying to *hide* a critical 2023 Camp LeJeune-specific Cancer Incidence Study that likely will prove the government wrong and destroy their already weak defenses. (7:23-cv-897, Dkts. 66-1 & 64 & 65). My reliefs are fully justified in such conditions.

I, Andrew U. D. Straw, verify that the statements above are true and correct on penalty of perjury.

Signed this 6th day of December, 2023.

ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 83714-1733
Telephone:   (847) 807-5237      E-mail:      andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, hereby certify that on the date set forth below, I electronically filed the foregoing **NOTICE** with the Clerk of Court using the CM/ECF system, which will serve the attached on all counsel of record. I mailed this document on the below date via U.S. Mail to the appellee at:

**P.O. Box 340, Ben Franklin Station, Washington, DC 20044-0340**

Dated this 6th day of December, 2023

ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 83714-1733
Telephone: (847) 807-5237   E-mail: andrew@andrewstraw.com

---

[3] See also: *Stokes v. Stirling*, 64 F. 4th 131, 137 (4th Cir. 2023):

> It is well-established that **"[a] party's failure to raise or discuss an issue in [its appellate] brief is to be deemed an abandonment of that issue."** *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 674 F.3d 369, 377 (4th Cir. 2012) * * * **"Even appellees waive arguments by failing to brief them."** *Mironescu v. Costner,* 480 F.3d 664, 677 n.15 (4th Cir. 2007) * * *