23-2156

IN THE

# United States Court of Appeals
# for the Fourth Circuit

Richmond, Virginia

| | |
|---|---|
| **ANDREW U. D. STRAW**, | ) |
| *Appellant-Plaintiff, Pro Se,* | ) |
| | ) |
| v. | ) |
| | ) **CAMP LEJEUNE JUSTICE ACT** |
| **UNITED STATES**, | ) |
| Appellee-Defendant. | ) **ORAL ARG. NOT REQUESTED** |

Appeal from the United States District Court for
the Eastern District of North Carolina, Southern Division
Case No. 7:23-cv-00162-BO-BM
The Honorable Judge Terrence W. Boyle

NOTICE OF MORE REASONS TO FORCE SETTLEMENT (DKT. 24)

*s/ ANDREW U. D. STRAW*

s/ ANDREW U. D. STRAW
Putok Road, Apt. A
Población II
Bauan, Batangas 4201, The Philippines
Telephone: +63-966-752-1875 / 1-847-807-5237
andrew@andrewstraw.com

MAILING ADDRESS
(PREFERRED ADDRESS FOR US MAIL)
9169 W STATE ST STE 690
Garden City, ID 83714-1733

SERVICE BY EMAIL (ENOTICE) PREFERRED

I, *Appellant* Andrew U. D. Straw, make this NOTICE:

1. As I noted in [Dkt. 36](Dkt. 36), the appellee has not opposed any of the reliefs I requested, including my brief and motions. It has simply not appeared and offers no reason why.

2. I made a motion at [Dkt. 24](Dkt. 24) that the government should be forced to offer every victim with a claim form filed at Navy JAG precisely the amount of the damages listed by the claimants on these forms. This is effectively an imposition of default, presuming the claimants agree, which should be up to them, not the government. Trials likely will yield even more, but as I said, no one should get *less* than the amount in their claim forms.

3. Now it appears from the consolidated case that the government is not cooperating with PLG discovery requests. This is the route to this litigation never ending in our lifetime, especially the shortened lifetimes of these victims.

4. PLG stated on page 9 in [Dkt. 82](Dkt. 82) of 7:23-cv-897 the following:

   > To excuse its delays, Defendant has repeatedly pointed to the size of the federal government, the numerosity of its agencies, restrictions by agency counsel, procedural hurdles, and the apparent need to hold a series of conference calls before a document is produced. For instance, in a single letter, Defendant indicated that its productions were pending consultation with various agencies at least *eight* times. E.g., [Ex. 7, at p 1 ("continuing to work with NARA")]. None of these excuses merit any weight—Defendant cannot shield itself from legal obligations by pointing to its own self-imposed hurdles and procedural preferences about how and when it would like to comply with those obligations. Like any other party, Defendant must comply with discovery obligations in a timely manner, including meeting deadlines and responding promptly to requests. If either the Department of Justice or other agencies are not sufficiently prioritizing these cases, the Court should order them to do so. Few litigation matters could be more important than ensuring that injured veterans and others receive the compensation that they are owed under federal law for Defendant's own failure to keep them safe. Defendant's delay is not only legally improper but also unfair.

WHEREFORE, I make this NOTICE because the unfairness did not start with discovery law violations in the consolidated case. It started in 1953 with 34 years of poisoning the victims. Then came the years of misrepresentations and downplaying and gaslighting the victims when the government knew full well how much damage it was causing. Then came Adam Bain and others to erect every obstacle they could dream up so that people would not get compensation owed to them for these injuries. The federal courts were complicit in this and Congress had to pass this law, which received a greater percentage of the vote in the U.S. House and U.S. Senate than the 14th Amendment received after the Civil War. The time for unethical delay is long past. My motion for the higher court here to force the United States and its counsel to offer settlement at the amount victims placed in their claim forms is not substantially different from default, and the government through its extreme unethical dishonesty and delay and insistence that victims suffer for decades without *any relief* merits default now. This is what I ask. I personally will accept that offer at the amounts I claimed on my claim forms and won't push for trial for myself. This needs to be over and the U.S. Treasury needs to go into high gear printing the money owed.

I, Andrew U. D. Straw, verify that the statements above are true and correct on penalty of perjury.

Signed this 14th day of December, 2023

*(signature: Andrew U. D. Straw)*

ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 837114-1733
Telephone:   (847) 807-5237
E-mail:      andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing **NOTICE** with the Clerk of Court using the CM/ECF system, which will serve the attached on all counsel of record. The government should be obliged to review the docket and appear and accept CM/ECF service now that I have made it aware of this appeal.

*See*, Dkt. 19.

Nonetheless, I also mailed on the below date a copy of this document via U.S. Mail, First Class and Postage Prepaid, to the appellee at: P.O. Box 340, Ben Franklin Station, Washington, DC 20044-0340

Dated this 14th day of December, 2023

*/s/ Andrew U. D. Straw*
ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 837114-1733
Telephone: (847) 807-5237
E-mail: andrew@andrewstraw.com