23-2156

IN THE

# United States Court of Appeals
# for the Fourth Circuit

Richmond, Virginia

| | |
|---|---|
| **ANDREW U. D. STRAW**, | ) |
| *Appellant-Plaintiff, Pro Se,* | ) |
| | ) |
| v. | ) |
| | )    **CAMP LEJEUNE JUSTICE ACT** |
| **UNITED STATES**, | ) |
| *Appellee-Defendant.* | )    **ORAL ARG. NOT REQUESTED** |

---

Appeal from the United States District Court for
the Eastern District of North Carolina, Southern Division
Case No. 7:23-cv-00162-BO-BM
The Honorable Judge Terrence W. Boyle

---

LETTER WITH PROPOSED EXPEDITED ORDER

---

*s/ Andrew U. D. Straw*

s/ ANDREW U. D. STRAW
Putok Road, Apt. A
Población II
Bauan, Batangas 4201, The Philippines
Telephone: +63-966-752-1875 / 1-847-807-5237
andrew@andrewstraw.com

MAILING ADDRESS
(PREFERRED ADDRESS FOR US MAIL)
9169 W STATE ST STE 690
Garden City, ID 83714-1733

SERVICE BY EMAIL (ENOTICE) PREFERRED

I, *Appellant* Andrew U. D. Straw, in this LETTER provide the following language as a proposed order to resolve this appeal:

## ORDER

The Court has considered the appeal filings and makes the following findings and ORDERs:

1. In [Dkt. 36](), appellant showed that the appellee has not opposed any of the reliefs he requested, including his brief and all motions. Appellee has simply not appeared and offered no reason why despite being served and aware of this appeal. The opening appellant brief appears in the record on **November 2, 2023**. [Dkt. 7](). It was served on **November 3, 2023**. [Dkt. 18](). Appellee actually received the opening brief on **November 7, 2023**. [Dkt. 19]().

2. Appellant made a motion at [Dkt. 24]() that the government should be forced to offer every victim with a claim form filed at Navy JAG precisely the amount of the damages listed by the claimants on these forms. **Not opposed**.

3. Appellant asked this Court to force DOJ attorney Adam Bain to make a *mea culpa* statement each time he appears in any Camp LeJeune case. [Dkt. 33](). **Not opposed**.

4. It appears from [Dkt. 38]() that in the consolidated case the appellee is not cooperating with PLG discovery requests. Appellant is correct that delay in a case such as this is inherently unethical and not allowed.

5. Appellant has shown that he lives on an extremely low income even though he is not only a Camp LeJeune toxic survivor (born there and poisoned *in utero* and as an infant for 19 months), but also a 9/11 toxic dust victim and a reckless

driver victim with bones broken from face to ankle serving all Indiana state courts. Dkt. 66 below. *IFP* was granted (Dkt. 8) but there are many reasons to expedite and pay appellant, including injury to his HHA and his service animal. Dkt. 20 & Dkt. 27. Straw's attempt to maintain a household of 6 on $1,386 SSDI per month with no health coverage is not acceptable as an ongoing situation when he is a valid claimant under CLJA and lost his mother to an alleged Camp LeJeune breast cancer. 7:23-cv-1475. Mr. Straw is severely impacted by any delay and given his many serious and life-threatening injuries listed in his short form complaint at Dkt. 55 below, no delay should occur here.

*Held*: This Court has discretion to consider the appellee to have abandoned all defenses and waived every argument that it could have made had it decided to appear. *Stokes v. Stirling*, 64 F. 4th 131, 137 (4th Cir. 2023): (It is well-established that "[a] party's failure to raise or discuss an issue in [its appellate] brief is to be deemed an abandonment of that issue." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012) * * * "**Even appellees waive arguments by failing to brief them.**" *Mironescu v. Costner*, 480 F.3d 664, 677 n.15 (4th Cir. 2007) * * *).

The ORDER at Dkt. 59 below is reversed for providing no factual finding or any legal argument to justify it when Mr. Straw's demand for medical and education payments was modest in amount and fully justified by the facts, especially the need for cancer screening when the government has been trying to hide a cancer incidence study. Dkt. 56 is therefore GRANTED. Straw's 0% loan for health and education benefits in

3

the amount of $6,400 per month shall be backdated to the month his lawsuit below was initiated in February 2023. His first payment (10 x $6,400 = **$64,000**) shall be paid within 7 days by the Judgment Fund and henceforth on the 1st of each month until his claims are either paid or dismissed finally after any appeal. The loan shall be repaid when he is paid on his last allowed claim. The text only ORDER at **Dkt. 65** is reversed for the same reasons, given no factual or legal grounds were provided to reach a denial of Mr. Straw's well-reasoned motions at Dkts. [57-4](#) and [58](#) below. Those motions are hereby GRANTED in their entirety. Given DOJ Attorney Mr. Adam Bain's longstanding opposition to Camp LeJeune victims, and Mr. Straw's well-reasoned motion, not opposed here, Mr. Bain shall make the statement at paragraphs 15-18 of [Dkt. 33](#) each time Bain appears. Mr. Straw's request for a new judge ([Dkt. 66](#)) was fully justified and should not have been denied at **Dkt. 70**. A new trial judge shall be randomly assigned by the Clerk of Court below. *IFP* should have been granted nearly 10 months ago when Straw made his request at [Dkt. 2](#) below and the failure to act on it is deemed a denial that is hereby reversed. The motion at [Dkt. 31](#) is GRANTED as consistent with [Dkt. 8](#).

Finally, given the extremely long history of this dispute (70 years of the 247 years, 28% of the nation's history since Independence was declared) and the new law overwhelmingly passed by Congress, and consistent with the ORDER against Mr. Bain, default is the right answer when the government has been resisting payments that are long overdue, 70 years overdue. The failure to be enthusiastically prompt in complying with discovery requests is inexcusable from this appellee in the

consolidated case, 7:23-cv-897. The appellee is ORDERED to offer every claimant within 30 days the amount that the claimant placed in their Navy JAG claim forms to initiate their cases. The offer shall be made to the email address of the claimant and the claimant's attorney, if there is one. The government's offer shall be permanent and not withdrawable, whether accepted or not initially. If a claimant wishes to proceed to trial and obtain more, the claimant shall continue to have that right, but damages shall be no less than what appears on the claim form, making that amount a floor. Therefore, the motion at [Dkt. 24](Dkt. 24) is GRANTED. It is so ORDERED.

I, Andrew U. D. Straw, verify that the statements above are true and correct on penalty of perjury.

Signed this 16th day of December, 2023

*/s/ Andrew U. D. Straw*

ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 837114-1733
Telephone:   (847) 807-5237
E-mail:        andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing **NOTICE** with the Clerk of Court using the CM/ECF system, which will serve the attached on all counsel of record. I also mailed on the below date a copy of this document via U.S. Mail, First Class and Postage Prepaid, to the appellee at: P.O. Box 340, Ben Franklin Station, Washington, DC 20044-0340

Dated this 16th day of December, 2023

*/s/ Andrew U. D. Straw*

ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 837114-1733
Telephone:   (847) 807-5237
E-mail:        andrew@andrewstraw.com

5