23-2156

IN THE

# United States Court of Appeals
# for the Fourth Circuit

Richmond, Virginia

| | |
|---|---|
| **ANDREW U. D. STRAW**, | ) |
|     *Appellant-Plaintiff, Pro Se,* | ) |
| | ) |
| v. | ) |
| | )   **CAMP LEJEUNE JUSTICE ACT** |
| **UNITED STATES**, | ) |
|     *Appellee-Defendant.* | )   **ORAL ARG. NOT REQUESTED** |

---

Appeal from the United States District Court for
the Eastern District of North Carolina, Southern Division
Case No. 7:23-cv-00162-BO-BM
The Honorable Judge Terrence W. Boyle

---

AFFIDAVIT/MEMORANDUM OF LAW WITH ANALYSIS OF CLJA & FUTILITY

---

*s/ Andrew U. D. Straw*

s/ ANDREW U. D. STRAW
Putok Road, Apt. A
Población II
Bauan, Batangas 4201, The Philippines
Telephone: +63-966-752-1875 / 1-847-807-5237
andrew@andrewstraw.com

MAILING ADDRESS
(PREFERRED ADDRESS FOR US MAIL)
9169 W STATE ST STE 690
Garden City, ID 83714-1733

SERVICE BY EMAIL (ENOTICE) PREFERRED

I, *Appellant* Andrew U. D. Straw, make this AFFIDAVIT to provide context to the Camp LeJeune Justice Act on the question of futility and so depose:

1. Congress passed two laws that provide compensatory damages to tort victims of the government, both used by Camp LeJeune toxic water victims.

2. The first law was the Federal Tort Claims Act.

3. The second law was the Camp LeJeune Justice Act.

4. FTCA is a law of general application that applies to any federal government agency.

5. FTCA was construed narrowly using a doctrine invented out of whole cloth, namely that tort victims of the government who served in the military (and their dependents) are not allowed compensation under this law. This so-called *Feres* doctrine has been severely criticized by Justice Clarence Thomas and others. Moreover, a statute of repose was imported from North Carolina that cut off claims under FTCA after 10 years and tolling was not allowed.

6. Using these doctrines, the MDL-2218 Court in Georgia dismissed all Camp LeJeune poisoning victim claims in 2016. In 2019, the Navy followed suit and denied thousands of claims by Camp LeJeune victims.

7. In 2022, Congress acted and included the Camp LeJeune Justice Act of 2022 in the PACT Act, Sec. 804. PLG Attorney Ed Bell drafted this law.

8. Congress does not pass futile laws. "[T]he legislature is presumed not to have enacted futile laws or laws which generate … absurd results." *In re Butcher*, 125 F.3d 238, **242** (4th Cir. 1997).

2

9. It is ***absurd*** that I have a multitude of conditions (Dkt. 55) associated with the PCE in the water, proved 19 months of exposure time (Dkt. 9-1) both *in utero* and as an infant, but **can't have cancer screening or health care** for mental illnesses and conditions that this PCE likely caused either directly or indirectly. It is either nonsense reasoning or bad faith to deny me what I have asked. If "obtain appropriate relief for harms" of the base poisons is to mean ANYTHING in Section 804(b) of CLJA, then someone who was there whose parents got the cancers and tumors, like mine did, MUST HAVE CANCER SCREENING AND HEALTH CARE, along with any other ***appropriate relief***.

10. I am at high risk of suicide, not just cancer, because of the 6 mental illnesses that I have. No reasonable person would say this came from anything other than military base poisoning since I was there for 19 months at Camp LeJeune.

11. CHILDREN poisoned where we were born, like me, should have an even more enthusiastic and prompt <u>**YES**</u> from the federal courts, since we lived with it the longest and I don't even know what life without that toxic legacy feels like. I lived with it for 55 years so far, about half of that with my mother DEAD from her Camp LeJeune breast cancer.

12. The whole point of CLJA is to give the victims who were denied in MDL-2218 a real and extremely prompt chance at justice this time instead of years of delay with a cherry of denial on top. Death has been faster to arrive than justice for most Camp LeJeune victims. This Court can change that in one day.

3

13. In essence, there are few requirements in CLJA. One has to be there for over 30 days and thus exposed to the toxins. **Being there means being exposed.** Unlike the Camp LeJeune Family Member Program, there is no base address requirement because that would exclude Camp LeJeune veteran family who slept off base as well as civilian workers who came onto the base and were exposed. Such people were "otherwise exposed" under CLJA, Sec. 804(b).

14. Those people ARE covered by CLJA even without a base residence address. The point of CLJA is paying for *harm* from *exposure*, period.

15. One has to have a condition that is at least as likely as not caused by the toxins the government has admitted contaminated the water.

16. The main serious defense the government has erected is a general and specific causation defense. The other defenses are frivolous and some of them even echo the MDL-2218 defenses that Congress OVERRODE with CLJA. DOJ even tries to fob off responsibility onto the very victims that CLJA is to compensate, blaming the victims for their own poisoning. Not cool.

17. The consolidated litigation at 7:23-cv-897 has been focused on picking the illnesses that will be tried first. These are organized into "Tracks."

18. In my view, industrial solvents floating around in a person's blood, tissues, and organs can cause any kind of disease to any part of the body, directly or indirectly, such as when medicines for a covered condition cause side effects.

19. The government should be forced to compare the list of conditions in all CLJA claims short form complaints with incidence of those same conditions in society

at large. If there is even the tiniest greater incidence in Camp LeJeune victims, the causation requirement must be deemed as satisfied, both in a general and specific sense.

20. However, even for life-threatening illnesses such as cancer, the government is resisting again and trying to reduce payments or avoid them altogether despite Congress wanting all conditions to be compensated if causation is established.

21. The Magistrate Judge below in the consolidated case (Dkt. 85) allowed the government to withhold and shield from discovery a Cancer Incidence Study done specifically over the past 8 years to gauge cancer incidence at CAMP LEJEUNE. The author of the study said that many new cancer causation findings are in this study and that it should have been released by now. Even the ORDER allowing suppression of it admitted the relevance. The Magistrate Judge ORDER was wrong and PLG counsel have appealed it. Dkt. 101.

22. The Magistrate Judge has a specific mandate to address the harms of poisoning and he is avoiding that responsibility by allowing this kind of clever gamesmanship regarding a study done **FOR THE BENEFIT** of Camp LeJeune victims. **HIDING** that study is unethical and immoral and violates CLJA.

23. **Hiding the study** that makes compensation easier for CLJA claimants is an example of warring[1] against federal laws and thus the Constitution itself. That

---

[1] "* * * [C]onstitutional rights * * * can neither be nullified openly and directly by * * * judicial officers, nor nullified indirectly by them through **evasive schemes** * * * whether **attempted "ingeniously or ingenuously."** *Cooper v. Aaron*, 358 U.S. 1, **16-17** (1958). Moreover, "No * * * judicial officer can war against the Constitution without violating his solemn oath to support it." *Cooper* at **\*18**.

5

federal Constitution allows Congress to pass a law like CLJA and the PACT Act for veterans and their family members to address sickness, disability, suffering, and death caused by Camp LeJeune toxic water. No government lawyer has suggested the CLJA or the PACT Act is unconstitutional. They would not dare. They do dare to nibble at the mandate around the edges and hope that the nullification of this law can be accomplished through the infectious little bites of uncooperative federal judges such that the infection of injustice kills the body of this CLJA law for 152,000+ claimants and likely even more by August 2024, when the window to file closes.

24. I believe any federal judge who assists the government in avoiding the mandate to compensate the victims should be removed from the matter. Only judges who uphold their oaths to follow and enforce this federal law passed by Congress should have anything to do with the enforcement of this law, which must be vigorous, not lackadaisical. This is an example of when all 3 branches of government must work together to right a wrong, not attempt to undermine Congress' intent.

25. DOJ is constantly settling cases with people and it should have already agreed to pay here instead of playing these litigation games that serve no ethical purpose. Trying to make this law effectively futile is unethical *per se*.

26. The handful of settlements shows that the government was wrong, but only wants to pay a tiny fraction of the damage. Hardly any victim agreed, and the ones that did, did so under the duress of severe disability and death.

27. If a person is **sick** and was **present** at Camp LeJeune long enough during the time period listed in the law and can show such an illness was connected to exposure to the toxins in the water, that is all it should take to be compensated at the level asked in the claim form.

28. The government had the opportunity to do a general illness incidence study but never chose to do so, clearly because *some* in government want the victims of this toxic water **to absorb all damage** and deal with it **alone and in poverty**.

29. This is the definition of **externalizing the costs** of poisoning a military base.

30. That attitude violates Camp LeJeune Justice Act of 2022. Congress now takes responsibility for its own base and the rest of government must do so also, all three branches.

31. CLJA is a remedial law meant to give these poisoning victims compensatory damages. The defenses raised in MDL-2218 were explicitly rejected in CLJA.

32. CLJA does not require negligence or a base residence address. This law must be deemed to presume that everyone present for 30 days during that 34-year period was exposed to the horrid toxins in the drinking water that all present for 30 days are deemed to have experienced.

33. VERY FEW people who take the time to file a CLJA claim will be excluded by this law. Those exceptions should not choke the life out of the law for the vast majority who must be compensated promptly by now, after 71 years of poisoning, death, denial, and waiting.

34. This is why my [Dkt. 24](Dkt. 24) motion to force settlement offers must be granted. The victims must not wait any longer. This cannot drag on for years again with invented defenses that must surely fail if this law means anything at all.

35. The government lawyers and federal MDL judge were OVERRIDDEN by Congress with CLJA. The FTCA outcome of **litigating for many years only for the victims to lose** MUST BE AVOIDED in order for CLJA to have any meaning. To allow gamesmanship by the government now makes the CLJA futile and we know that cannot be the outcome.

36. Every victim must be paid and it must be done immediately so the same FAILURES and injustices of MDL-2218 are not repeated.

37. That is the liberal construction[2] policy of Congress for this remedial law and must be the policy of the federal courts in *every single choice* that is made under CLJA.

38. What can be more remedial than passing a statute to compensate tort victims of the military after a federal court refused to compensate them under existing law?

39. The government has exhibited a bizarre attitude. It treats *the victims* of USMC and USN poisoning like we are the Empire of Japan, to be destroyed through a war of attrition and constant hostility. But here, **we the victims ARE the USMC and USN**, not the **paper entity** that DOJ is protecting against the victims. There is only one answer here and that answer is PAYMENT, NOW.

---

[2] The U.S. Supreme Court has said, "that remedial statutes should be liberally construed" to effectuate their remedial purpose. *SEC v. CM Joiner Leasing Corp.*, 320 U.S. 344, **353** (1943)

8

Just like Harry Truman demanded of Japan. Unconditional surrender. My Dkt. 24 motion for full justice is a demand for unconditional surrender.

40. My appeal here is like taking Guam, the Philippines, or Iwo Jima. Necessary steps to end this war with **DOJ on the wrong side**.

41. Further, *affiant* sayeth naught.

I, Andrew U. D. Straw, verify that the statements above are true and correct on penalty of perjury.

Signed this 13th day of January, 2024

Respectfully,

*[signature]*

ANDREW U. D. STRAW
9169 W STATE ST STE 690            Telephone:   (847) 807-5237
Garden City, ID 837114-1733        E-mail:      andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing **AFFIDAVIT** with the Clerk of Court using the CM/ECF system, which will serve the attached on all counsel of record. The government should be obliged to review the docket and appear and accept CM/ECF service now that I have made it aware of this appeal. *See*, Dkt. 19. I also mailed on the below date a copy of this document via U.S. Mail, First Class and Postage Prepaid, to the appellee at: P.O. Box 340, Ben Franklin Station, Washington, DC 20044-0340 Date: 13th day of January, 2024

*[signature]*

ANDREW U. D. STRAW
9169 W STATE ST STE 690            Telephone:   (847) 807-5237
Garden City, ID 837114-1733        E-mail:      andrew@andrewstraw.com