23-2156

IN THE

# United States Court of Appeals
# for the Fourth Circuit

Richmond, Virginia

| | |
|---|---|
| **ANDREW U. D. STRAW**, | ) |
|     *Appellant-Plaintiff, Pro Se,* | ) |
| | ) |
| v. | ) |
| | )   **CAMP LEJEUNE JUSTICE ACT** |
| **UNITED STATES**, | ) |
|     *Appellee-Defendant.* | )   **ORAL ARG. NOT REQUESTED** |

---

Appeal from the United States District Court for
the Eastern District of North Carolina, Southern Division
Case No. 7:23-cv-00162-BO-BM
The Honorable Judge Terrence W. Boyle

---

NEW NOTICE OF APPELLEE'S FAILURES TO APPEAR, TO RESPOND TO
APPELLANT'S BRIEF, AND TO RESPOND TO ALL PENDING MOTIONS

---

*s/ Andrew U. D. Straw*

s/ ANDREW U. D. STRAW
Putok Road, Apt. A
Población II
Bauan, Batangas 4201, The Philippines
Telephone: +63-966-752-1875 / 1-847-807-5237
andrew@andrewstraw.com

MAILING ADDRESS
(PREFERRED ADDRESS FOR US MAIL)
9169 W STATE ST STE 690
Garden City, ID 83714-1733

SERVICE BY EMAIL (ENOTICE) PREFERRED

I, *Appellant* Andrew U. D. Straw, make this NOTICE OF FAILURE TO RESPOND to my motion seeking expedited decision, *inter alia*:

1. This Court granted me *IFP* status for this interlocutory appeal, 23-2156, [Dkt. 8](#) here, on **11/2/2023**.

### APPELLEE FAILURE TO BRIEF HERE

2. I E-filed my opening brief as appellant on **November 2, 2023**. [Dkt. 7-1](#).

3. The briefing order ([Dkt. 3](#), filed **November 2, 2023**) provided **14 days** to file an appellee responsive brief after my service of my opening brief. I served my opening brief via U.S. Mail on **November 3, 2023**, and the appellee actually received it on **November 7, 2023**. [Dkt. 19](#). Full case docket: [here](#).

4. The deadline for filing an appellee brief was thus at the very latest on **November 21, 2023**, when appellee had actual notice of this appeal 14 days earlier. The more likely deadline was **November 17, 2023**, 14 days after I mailed the opening brief via U.S. Mail on **November 3, 2023**.

5. In either case, today is **January 25, 2024**.

6. Appellee has neither appeared by counsel nor filed any opposition to the opening brief, filed nearly 3 months ago. Nor has defendant/appellee requested more time to do so. Why?

7. Because I ask for justice under the Camp LeJeune Justice Act of 2022 and I am eligible from my demonstrated ([Dkt. 9-1](#)) **583 days of Camp LeJeune exposure, 1968-1970,** and **many, many injuries** from those toxins. *See*, [Dkt. 55](#).

8. Denying my **cancer screening** and **health payments** when **both my parents got Camp LeJeune cancers** and **my mother died of hers** is nonsensical, without any good purpose, and so ==there is no defense==. Not one word of defense was filed.

9. That is why the trial judge could not muster a single factual finding against me (**Dkts.** [59] & **65**) or any legal argument to deny me besides ==arbitrarily saying NO==. My substantiated affidavit ([Dkt. 66] below) requesting a change of judge was denied with a similar **lack of factual findings** or **legal reasoning**. Dkt. 70.[1]

### FAILURE TO RESPOND TO MY MOTIONS ON APPEAL

10. I made a motion in this appeal ([Dkt. 24]) to direct the Court below to force the defendant to **offer victims exactly what they claim** in their required USN JAG claim forms under CLJA, including to me. My family and I have [17 claims].

11. I served that motion via U.S. Mail on the same day (**11/11/2023**) to the appellee.

12. Thus, the appellee by counsel had 10 days under [FRAP Rule 27(a)(3)(A)] to respond. ==No response was filed.==

13. Like with my opening brief, the appellee was fully aware of this motion and served via U.S. Mail, and aware of this appeal generally. [Dkt. 19].

14. Instead of responding to my motion, the government has answered the Master Complaint in the consolidated case and demanded that these administrative amounts are **the most anyone can receive**. (7:23-cv-897, [Dkt. 50], **page 50**; also denying jury trial right on **page 49**). On the same day, the government asserted

---

[1] There is a real question whether the district court retained the power and jurisdiction to deny motions with this appeal pending. *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023)

a motion to strike so that **no jury trial right** will exist for any of these roughly 160,000+ victims with CLJA claims. (7:23-cv-897, Dkts. 51, 51-1, 51-2).

15. These positions provide a logical opportunity for every victim to be offered exactly what they asked from Navy JAG. DOJ says no more can be provided and if the Court below agrees, there will be **no jury trials** and damages will be determined by **judges as a matter of law** with the claim form damage **cap**.

16. I made a motion here to grant the *IFP* denied via nonfeasance for nearly 12 months below when the Fourth Circuit has granted this status to me twice in 2023, including at Dkt. 8 here. Dkt. 31 was filed and served on **November 21, 2023**. The 10 day time limit for responding was **December 1, 2023**. <mark>No response was filed.</mark>

17. I also made a motion to force DOJ attorney Adam Bain to make *mea culpa* statements if he chooses to come before any federal court against Camp LeJeune victims again,² since he has opposed these victims for 20 years with no apparent remorse at all. Dkt. 33 was filed and served on **November 25, 2023**. The 10 day deadline to respond was **December 5, 2023**. <mark>No response was filed.</mark>

### MOTION TO EXPEDITE: REGARDING TIME & CONSEQUENCES

18. Government attorneys who have always had health insurance and no break in earnings for decades do not have the experience of what I have faced as a result of poisoning by the U.S. Marine Corps.

19. I have experienced the Three Camp LeJeune Ds. Death, Disability, Divorce.

---

² *See*, 7:23-cv-897, Dkt. 66, page 16: **"shameful history"**

4

20. I have experienced discrimination and the theft of my property because I am a disabled lawyer. If I had my justice in a timely fashion, I could more easily defend my own property rather than watching in poverty and pain as my rights die on the vine because these problems compound and I can't force any judges to act, only exhort them to do so. Time does not make these deprivations better. It makes the injuries go from scratch to sepsis. Courts are the physicians for these injuries and when they fail to act, it represents a kind of judicial malpractice known as **nonfeasance**.

21. The rule is "Do No Harm," not "Do Nothing." Not "Just Say No."

22. The inverse of these nonfeasance actions is **"Do Good."**

23. I have explained why I need my justice so I can defend the Takings Clause value in my 5 law licenses that were stolen from me in the Midwest: *Straw v. U.S.,* 23-16039 (9th Cir.) (**Dkts. 16-1, 16-2, 16-3, 16-4**). If I cannot get Takings compensation from Indiana and Midwest federal courts, I will surely be seeking this compensation in this action, as I list in my [Dkt. 55](Dkt. 55) Short Form Complaint.

24. Camp LeJeune mental illness damage cannot, must not, be fobbed off on me as an externalization of the costs of poisoning a U.S. Marine Corps base.

25. I experience time differently than government employees who can just sit there in their opulence, their government benefits, their government privileges.

26. I am at high risk of cancer. No one denies this when my mother died of hers and my father has been removing tumors from his body.

5

27. I am at high risk of suicide or self-harm because of the mental illnesses associated with the PCE in the water and my cardiac birth defect listed in my Camp LeJeune Medical Records. (Dkt. 9-1 below, page 9)

28. The stresses of these illnesses contributed to my divorce on 8/17/2012.

29. The PCE-caused bipolar caused me to have a car accident, made 66% more likely at least because I have this Camp LeJeune illness, bipolar.

30. I live with physical and mental pain every single day and I do so in abject poverty because my nation's government does not take responsibility and help me after hurting me for 55 years. I was first exposed to the Camp LeJeune toxins on 12/19/1968, when my father arrived at Camp LeJeune with my pregnant mother, so he could work at MCAS New River.

31. I have only seen my children for 2 days in the past 11 years, and the poverty Camp LeJeune poisoning inflicted on me is why.

32. My mother died from this while I was in law school. It was awful. I did not even attend my own graduation. I was still in mourning and suffering mania at the time.

33. This life that the United States inflicted on me was my father's reward for joining the Marine Corps to support America in 1967 when many Americans were questioning their loyalty during the Vietnam War.

34. My father WAS loyal and this manslaughter of his wife and maiming of his child, causing disability, is so absolutely wrong, no government lawyer has any right to speak against me when I ask for justice to be done and done promptly.

6

35. Indeed, there is no voice against me here, for good reason.

36. Every day that goes by is a new injustice, with me having to juggle pennies to make sure I don't run out of food for my household of 6.

37. My HHA and her disabled children are suffering from this delay to me. My service dog is being hurt by me not being able to afford vet care and dog food.

38. My whole life is made worse by having *so little money* and *so much pain* while those who can change it with the flick of a pen simply wait, knowing that inaction hurts me deeply.

39. Camp LeJeune Justice Act was passed **17 months ago** after 20 years of DOJ resisting paying these victims, including me and my family. We were denied in MDL-2218 on December 5, 2016. I have not had compensation. I have no health care to cover me or prevent cancer.

40. How can this continue to drag on?

41. Whose fault is it, this delay, unethical delay?

42. FRCP Rule 11 says that there should not be unethical delay.

43. Even Proverbs in the Bible prohibits withholding justice to those to whom it is due. Prov. 3:27 (KJV).

44. ==I am due justice== and ==I am withering away== while the infinite capability of the United States to pay me is not exercised. I should have justice so my days are not spent as a prisoner of poverty and disability caused by the crimes of others. Yes, poverty is a prison and even when not confined in a prison, it has many of the same effects. Pain. Constriction. Loss of opportunities and relationships.

7

45. Even a prisoner is given cancer screening and treatment when needed. But not me! The government is willing to pay $40,000 per year to house people in prison for crimes the government legislated, give them nutritious food and medical care and educational opportunities.

46. I am a *victim* of U.S. Marine Corps crimes. I am owed better than how prisoners, criminals, are treated.

47. I made a motion (Dkt. 43) on January 2, 2024, to expedite this appeal and decision.

48. The appellee by counsel had **10 days** under FRAP Rule 27(a)(3)(A) to respond. No response was filed in the past 24 days.

WHEREFORE, my appeal should be granted on an expedited basis with respect to the denial ORDERS of my motions below at Dkts. 56, 57-4, and 58 because **no appellee/defendant response** has happened either here or below. The denial orders at **Dkts. 59** & 65 fail as matters of fact AND law. Same with my Dkt. 24 and Dkt. 31 and Dkt. 33 and Dkt. 43 motions here: **they were not opposed by the appellee**. There was **no request for more time** either.

Moreover, given there was no opposition to my *IFP* application below and with two (2) grants of *IFP* by the Fourth Circuit in 2023 to me, my motion for *IFP* below after the nonfeasance, at Dkt. 31, should be granted summarily. A change of judge (Dkt. 34) is also necessary below.

8

I hope my Panel will agree to all these **unopposed** reliefs.³ The whole matter is being tainted by the government trying to prevent jury trials and in resisting and **trying to make the CLJA futile for the poisoning victims** by hook or by crook. (7:23-cv-897, Dkts. 66-1 & 64 & 65). My reliefs are fully justified in such conditions.

I, Andrew U. D. Straw, verify that the statements above are true and correct on penalty of perjury.

Signed this 25th day of January, 2024.

*[signature]*

ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 83714-1733
Telephone:  (847) 807-5237     E-mail:      andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, hereby certify that on the date set forth below, I electronically filed the foregoing **NOTICE** with the Clerk of Court using the CM/ECF system, which will serve the attached on all counsel of record. I mailed this document on the below date via U.S. Mail to the appellee at:

**P.O. Box 340, Ben Franklin Station, Washington, DC 20044-0340**

Dated this 25th day of January, 2024

*[signature]*

ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 83714-1733
Telephone: (847) 807-5237   E-mail: andrew@andrewstraw.com

---

³ See also: *Stokes v. Stirling*, 64 F. 4th 131, 137 (4th Cir. 2023):

> It is well-established that **"[a] party's failure to raise or discuss an issue in [its appellate] brief is to be deemed an abandonment of that issue."** *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 674 F.3d 369, 377 (4th Cir. 2012) * * * **"Even appellees waive arguments by failing to brief them."** *Mironescu v. Costner,* 480 F.3d 664, 677 n.15 (4th Cir. 2007) * * *

9