23-2156

IN THE

# United States Court of Appeals for the Fourth Circuit

Richmond, Virginia

| | |
|---|---|
| **ANDREW U. D. STRAW**, | ) |
|     *Appellant-Plaintiff, Pro Se,* | ) |
| | ) |
| v. | ) |
| | )   **CAMP LEJEUNE JUSTICE ACT** |
| **UNITED STATES**, | ) |
|     *Appellee-Defendant.* | )   **ORAL ARG. NOT REQUESTED** |

---

Appeal from the United States District Court for
the Eastern District of North Carolina, Southern Division
Case No. 7:23-cv-00162-BO-BM
The Honorable Judge Terrence W. Boyle

---

SUPPLEMENTAL STATEMENT TO INTRODUCE TESTIMONY OF
HHA LESLIE C. TABBADA

---

*[signature]*

s/ ANDREW U. D. STRAW
Putok Road, Apt. A
Población II
Bauan, Batangas 4201, The Philippines
Telephone: +63-966-752-1875 / 1-847-807-5237
andrew@andrewstraw.com

MAILING ADDRESS
(PREFERRED ADDRESS FOR US MAIL)
9169 W STATE ST STE 690
Garden City, ID 83714-1733

SERVICE BY EMAIL (ENOTICE) PREFERRED

I, *Appellant* Andrew U. D. Straw, introduce the following affidavit of LESLIE C. TABBADA, my home health aide, who will receive the lion's share of the medical costs loan that is the subject of this appeal:

### AFFIDAVIT OF LESLIE C. TABBADA IN SUPPORT OF A MEDICAL COST LOAN FOR MR. STRAW

1. My name is Leslie C. Tabbada and I depose as follows:

2. I live in Bauan, Batangas Region, the Philippines. I have 4 children, 3 of whom are school-aged minors and my eldest is 18 and severely disabled with autism.

3. My children live in the duplex apartment next door to Mr. Straw's apartment.

4. My experience with my son's autism makes me a more qualified assistant to Mr. Straw. Mr. Straw has also been labeled as having "autistic" thinking by a psychologist.

5. I have served as the Home Health Aide (HHA) of Andrew U. D. Straw since June 2018, when he arrived in the Philippines.

6. Mr. Straw and I have had an agreement that until I am paid by insurance or some lawsuit settlement or damages award, I will accept room and board as partial payment for my HHA services.

7. We agree that as of this date, Mr. Straw pays me **₱ 29,200 per month** for my services, which is effectively the cost of room and board for myself and my 4 children, and also assists with paying for my retired father's food needs as well as my brother who lives with him and is severely disabled and cannot walk.

8. My family is very experienced in disability issues. Because I did not have money to pay for medical treatments, my mother died during COVID in 2022. This is partially the fault of the U.S. government not paying Mr. Straw or me.

2

9. **₱29,200** per month at current exchange rates is approximately $520 per month or **$130 per week**.

10. I provide my services full time. Mr. Straw and I also agree that my services are worth **$21 per hour**. 40 x $21 = **$840 per week**.

11. Thus, because Mr. Straw is extremely limited in his income, **$1,430 per month** in SSDI payments, I am only paid about 15.48% of what we agree I should be paid when he finally has health insurance or health payments from the United States.

12. If Mr. Straw were paid the loan requested under his Camp LeJeune claim, I would have the ability to go to the dentist as I need, go the doctor when I need, pay for my children to have doctor and dentist visits, and generally my life and financial situation would be more consistent with the value of the services I provide. Instead, my deprivation is from Mr. Straw's limits because USA governments have betrayed him and his family without compensation.

13. My duties have included training and looking after Mr. Straw's service dogs, getting Mr. Straw his medicine, transporting him for medical treatments and dentist visits, and monitoring his moods, cleaning his apartment and bathroom, washing his clothes, translating between Tagalog and English for Mr. Straw, and so on. I assisted Mr. Straw when he had COVID. I also cook his meals and wash dishes. I maintain the property where he lives inside and out so there is nowhere for cobras to hide.

14. In the absence of ability to obtain regular dentist care, I have lost most of my teeth on my upper jaw. I don't blame Mr. Straw for this, but I do blame the Veterans Administration for not covering him under Camp LeJeune Family Member Program and I don't understand why his medical cost loan request has been delayed and denied. He was born at Camp LeJeune. He is at risk of death. He should be paid with a smile and gratitude for the service Mr. Straw's USMC Vietnam Veteran father provided and the illnesses inflicted.

15. Causing Mr. Straw to wait affects not just him but a whole array of other people, including myself and my family.

16. Mr. Straw cannot even see his children in New Zealand because of the poverty the USA inflicts on him, so this is constant emotional pain and parental alienation. Mr. Straw suffers in so many ways and I do my best to pick up the pieces and support him in the worst moments.

17. Mr. Straw does not ask for that much money (a temporary loan) given all the suffering I have witnessed with his Camp LeJeune mental illnesses. I see his emotions suffering every day and to pile poverty on top is wrong.

18. Poverty hurts.

19. Today, **February 26, 2024**, is the 27th anniversary of Mr. Straw's mother's death. His suffering from that loss without any relief for so many years is incomprehensible when the American government has the money to pay him and the other victims but just won't, it just chooses not to without good reason.

20. Mr. Straw needs surgery on his left foot for bone growths. He needs money for a rowing machine and an exercise bike because he is obese.

21. He needs professional psychological therapy but cannot afford it.

22. He needs a real, full-sized bed rather than the couch where he sleeps now. That bed must accommodate his broken legs and pelvis that he received in a car accident that medical research shows was much more likely because of his Camp LeJeune mental illness (bipolar).

23. I work with Mr. Straw's doctor, Dr. Reuel Dimalibot, who is the chief doctor of Bauan Doctors General Hospital. Dr. Dimalibot prescribes Mr. Straw's lithium, Seroquel, and propranolol medications for his mental illness. He also occasionally orders blood tests to monitor lithium levels and lipids. Dr. Dimalibot ordered an EKG that showed some abnormality in Mr. Straw's heart. We know from Mr. Straw's U.S. Navy medical birth records that he had a cardiac birth defect (VSD) that was detected at birth.

24. Mr. Straw needs all the screening he can get because he was there as a baby and fetus and who knows what illnesses he has? It is the government's responsibility to pay for the testing. Exposure to PCE and the other toxins is not even challenged. The government admits it. It must pay to protect Mr. Straw as someone born there right in the middle of that toxic water time.

25. I helped Mr. Straw obtain a PWD (Person With Disabilities) card that gives him a discount on his medicines. I took him to the PWD office to obtain this card. **Exhibit 1**.

26. Mr. Straw is a model citizen and has no criminal record in the Philippines and to my knowledge, none in the USA either. He obtained a Barangay Clearance in 2023 that demonstrated this. **Exhibit 2**.

27. Mr. Straw is an asylum seeker based on how he has been treated in the United States as a disabled lawyer and Camp LeJeune victim, lacking justice. **Exhibit 3** – CPA Letter, Philippines Department of Justice.

28. Disability was inflicted on Mr. Straw by criminals. These include Camp LeJeune poisoning as a fetus and infant. 9/11 terrorism toxic exposure and injuries. And someone hitting him head on as he drove to the Indiana Supreme Court to work.

29. The 9/11 toxic dust made Andrew's lungs and throat weaker and this became an issue when he contracted COVID. His moods shift up and down more than a normal person because of the Camp LeJeune exposure. His moods also are influenced by the pain he experiences in his bones from the accident serving all the courts in Indiana.

30. I help Mr. Straw, no matter what issue comes up. Those who caused these injuries, Camp LeJeune poisoning in this case, need to pay me for the work I do cleaning up after the mess the government caused and appears unwilling to pay for up to now.

31. Andrew Straw was deprived of his mother on 2/26/1997, while he was in Law School. She died of [breast cancer](), which is now ([Dkt. 144]()) in the Track 2 list of diseases to be tried by the Eastern District of North Carolina in the

consolidated litigation. He still suffers in his moods from that loss, most exceptionally on the anniversary of it. His mother also had severe mood swings and Mr. Straw had to suffer through his childhood dealing with her erratic emotions while having no idea why he was going through that.

32. Today is the anniversary of her death and Mr. Straw is suffering.

33. The government must not impose illnesses of the emotions, make them worse by killing Andrew's family, and then expect him to live in poverty without any justice at all for decades because courts discriminate against him as a disabled lawyer.

34. This Court can and should order the United States to provide the medical payments as a temporary loan so Andrew Straw can deal with the damage the USA inflicted on him and his family.

35. Further, *affiant* Leslie C. Tabbada sayeth naught.

I, LESLIE C. TABBADA, verify that the statements I provide, numbered, above are true and correct on penalty of perjury. Mr. Straw reviewed and edited the above for proper English but the content and factual assertions are mine.

Signed this 26th day of February, 2024.

*[signature: L. 2. C.]*

LESLIE C. TABBADA
Putok Road, Apt. A
Poblacion II
Bauan, Batangas 4201
The Philippines
Telephone:   +63-966-752-1875
E-mail:      Leslie.Balmes.Castigador@gmail.com

I, Andrew U. D. Straw, verify that the statements that I provided above are true and correct on penalty of perjury.

Signed this 26th day of February, 2024.

*[signature: Andrew U. D. Straw]*

ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 83714-1733
Telephone:  (847) 807-5237
E-mail:   andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, hereby certify that on the date set forth below, I electronically filed the foregoing **AFFIDAVIT OF LESLIE C. TABBADA** with the Clerk of Court using the CM/ECF system, which will serve the attached on all counsel of record.

Since [Dkt. 19](), the appellee has had actual notice of this appeal but is choosing not to appear by counsel.

Dated this 26th day of February, 2024

*[signature: Andrew U. D. Straw]*

ANDREW U. D. STRAW
9169 W STATE ST STE 690         Telephone: (847) 807-5237
Garden City, ID 83714-1733       E-mail: andrew@andrewstraw.com