23-2156

IN THE

# United States Court of Appeals
# for the Fourth Circuit

Richmond, Virginia

| | |
|---|---|
| **ANDREW U. D. STRAW**, | ) |
|     *Appellant-Plaintiff, Pro Se,* | ) |
| | ) |
| v. | ) |
| | )    **CAMP LEJEUNE JUSTICE ACT** |
| **UNITED STATES**, | ) |
|     *Appellee-Defendant.* | )    **ORAL ARG. NOT REQUESTED** |

Appeal from the United States District Court for
the Eastern District of North Carolina, Southern Division
Case No. 7:23-cv-00162-BO-BM
The Honorable Judge Terrence W. Boyle

NOTICE OF NEW ATTORNEY HIRED

*s/ ANDREW U. D. STRAW*

s/ ANDREW U. D. STRAW
Putok Road, Apt. A
Población II
Bauan, Batangas 4201, The Philippines
Telephone: +63-966-752-1875 / 1-847-807-5237
andrew@andrewstraw.com

MAILING ADDRESS
(PREFERRED ADDRESS FOR US MAIL)
9169 W STATE ST STE 690
Garden City, ID 83714-1733

SERVICE BY EMAIL (ENOTICE) PREFERRED

I, *Appellant* Andrew U. D. Straw, make this NOTICE regarding my new law firm that now represents me for my Camp LeJeune Justice Act matter:

1. The law firm I have hired for my Camp LeJeune claims is Bell Legal. Mr. Ed Bell is the lead plaintiffs' attorney in the consolidated litigation in the Eastern District of North Carolina. 7:23-cv-897. Most of the CLJA claimants and plaintiffs are his clients, apparently, and it is my honor to be his firm's client now.

2. My relief requested here now amounts principally to a **$4,000 per month loan** to be repaid from my Camp LeJeune Justice Act settlement or verdict that will come later down the road, possibly much later down the road. Dkt. 53. Because this is a loan requested as an injunction, 28 U.S.C. § 1292(a)(1) applies.

3. There is no real opposition or doubt that I will have such CLJA payment given I was born in Camp LeJeune Naval Hospital during the toxic water time (Dkt. 9-1 below, USN perfection letter appears at pages 18-19) and my father was stationed at MCAS New River from 1968 to 1970, about 19 months. My mother and I used the base that entire time using USMC Privilege Card #N7,051,397. This included the base hospital, where I was born and where toxic substances were flowing out of the taps. This includes our use of the base swimming pool, filled with toxic water.

4. With my mother having died of breast cancer, now a Track 2 illness in the consolidated case (Dkt. 144), and my father having had tumors removed from his head, torso, and arm recently, with none of my 4 grandparents having such tumors or dying of cancer, this is all Camp LeJeune and their suffering and

death simply puts an exclamation point on why I must have help now before it is too late. None of this was my fault and I deserve help in an expedited fashion.

5. The government has now admitted, as it must, that the toxins were in the drinking water at Camp LeJeune, with admissions on practically every page of the ANSWER in the consolidated case (Dkt. 50).

6. The **government did not oppose** my Dkt. 56 motion below for this health care loan.

7. The Court below did not justify its denial decision (Dkt. 59) with any factual finding or any legal reasoning that meets the standard of abuse of discretion.

8. The government has demanded that I mitigate my own damages (Dkt. 17, page 29, **Affirmative Defense #13**) and that is what my motion and this appeal are all about.

9. Given that the government wants me to **mitigate damage** that I claim, I asked this Court to declare that the Indiana suspension of my law licenses was not valid, as the Virginia State Bar did in 2017 when it exonerated me (Dkt. 49-2, below) and refused to impose the Indiana suspension. Dkt. 56.

10. My appeal was fully briefed with no opposition when my panel here said it did not have jurisdiction to take and decide my appeal.

11. I have a petition for rehearing and rehearing *en banc* pending because this appeal was about my request for **an injunction**.

12. There was no appellee opposition to that petition for rehearing, which appears at Dkt. 53 on **February 4, 2024**, now over a month ago.

3

13. There has been no opposition to my mitigating request, Dkt. 56.

14. The government has been fully aware of this appeal (Dkt. 19) since **November 7, 2023**, but has chosen not to participate, willingly and knowingly refusing.

15. I just hired Bell Legal yesterday and his firm has not had anything to do with any of my filings in the District Court or here as of now.

16. My Dkt. 53 petition is fully briefed as is my Dkt. 56 motion, which was filed on **February 12, 2024**, without any opposition to either of them.

17. As a person now represented, I will not be filing any further documents in this appeal because I am not *pro se* anymore. However, every bit of this appeal is now briefed and ready for decision.

WHEREFORE, I await this Court's decision on my health care payments as loans imposed via injunctive powers of this Court and the District Court and my efforts to mitigate via a declaratory judgment the damage to my law career that stems from my poisoning and mental illnesses. (Short Form Complaint, Dkt. 55 below).

I, Andrew U. D. Straw, verify that the statements above are true and correct on penalty of perjury.

Signed this 6th day of March, 2024.

*Andrew U. D. Straw*
ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 83714-1733
Telephone:   (847) 807-5237
E-mail:      andrew@andrewstraw.com

4

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, hereby certify that on the date set forth below, I electronically filed the foregoing **NOTICE** with the Clerk of Court using the CM/ECF system, which will serve the attached on all counsel of record.

Since [Dkt. 19](), the appellee has had actual notice of this appeal but is choosing not to appear by counsel.

Dated this 6th day of March, 2024

*/s/ Andrew U. D. Straw*
ANDREW U. D. STRAW
9169 W STATE ST STE 690
Garden City, ID 83714-1733
Telephone: (847) 807-5237
E-mail: andrew@andrewstraw.com