ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

ANDREW U.D. STRAW,

              Plaintiff,           20 Civ. 3312(LLS)

   - against -

                                     ORDER

DENTONS US LLP; KEVIN P. McGOFF;
INDIANA UNIVERSITY McKINNEY SCHOOL
OF LAW; PUBLISHER THOMSON WEST,
PUBLISHER OF NORTH EASTERN REPORTER,

              Defendants.
- - - - - - - - - - - - - - - - - -X

LOUIS L. STANTON, United States District Judge:

      By order dated June 11, 2020, the Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). On the same day, Plaintiff filed a "Motion to Remove Judge." (ECF No. 10.) He seeks my recusal, and reconsideration of my dismissal of his complaint.

      On June 18, 2020, Plaintiff filed a document titled, "28 U.S.C. § 144 Affidavit to Remove Judge and Justifying His Orders of Dismissal Being Stricken." (ECF No. 13.) Plaintiff states that "he has the right to change the judge one time." (*Id.* at 1.) That holds true in some States, but not in federal courts.

      Plaintiff seeks to have this matter reassigned to a Judge "who does not have a Marine Corps officer background from the time the base where my mother and I were poisoned started being toxically fouled by the U.S. Marine Corp." (*Id.* at ¶ 6.)

      The Court liberally construes Plaintiff's affidavit as a motion under Fed. R. Civ. P. 60(b)(6) for relief from a judgment or order. *See Tracy v. Freshwater,* 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency

-1-

in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

I have no wish to have my long-ago service as a Marine Corps officer a source of belief in a *pro se* litigant that his complaint was unfairly dismissed. He is utterly convinced that when he was a baby he and his mother were poisoned by the Marine Corps while they were in the Naval Hospital at Camp Lejeune, North Carolina where his father was serving as a marine – and the poisoning gave him mental disabilities which have plagued his life. He says with unquestionable sincerity, in paragraphs 6-8 of his June 18, 2020 affidavit:

6. For the reasons given in **Dkt. 36** of my appeal in *Straw v. Wolters Kluwer,* it is wholly right and proper to reassign this case to another presiding judge who does not have a Marine Corps officer background from the time the base where my mother and I were poisoned started being toxically fouled by the U.S. Marine Corps. The Marine Corps and its officers poisoned my family and now a former Marine officer here is stripping me of the right to defend myself from others who discriminate on that basis. 28 U.S.C. §§ 144 & 455.

7. . . . It is no secret that I was attacked and found incompetent because I was born at Camp LeJeune and poisoned by the U.S. Marine Corps on the first days of my life, giving me mental disabilities that Indiana's ADA coordinator specifically attacked in retaliation for my own ADA complaints.

8. I say the Marine Corps has hurt me enough, disabling me and killing my mother and subjecting me to **a lifetime of discrimination** by courts and their corrupt and evil private sector allies. *Straw v. Wilkie,* 18-7129 (U.S. CAVC). I know from my father that one never stops being a Marine. I certainly have not stopped being the poisoned **son of a Marine** with a dead mother because of Camp LeJeune. 38 C.F.R. §§ 17.400(b)(iii & xiv).

This is an extraordinary situation, and a decent respect for the *pro se* litigant's core feelings can be stretched, in a multi-judge court, to "any other reason justifying relief." F.R.C.P. 60(b)(6).

Plaintiff's motion for reconsideration is granted. For that purpose, the case shall be reassigned to another judge by the court's random selection process.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

-3-

the docket.

      This order terminates all other motions.

SO ORDERED.

Dated:  June 29, 2020
           New York, New York

                                                          *Louis L. Stanton*
                                                     LOUIS L. STANTON
                                                             U.S.D.J.