**IN THE**

# Circuit Court for
# Virginia Beach, Virginia

---

|                                      |     |                                      |
|--------------------------------------|-----|--------------------------------------|
| ANDREW U. D. STRAW,                  | )   |                                      |
| *Plaintiff,*                         | )   |                                      |
|                                      | )   | Case No:  ___CL24-1173_____ |
| v.                                   | )   |                                      |
|                                      | )   |                                      |
| BARBARA LANIER (VSB CLERK),          | )   | **BENCH TRIAL REQUESTED**            |
| VIRGINIA STATE BAR, &                | )   |                                      |
| STATE OF INDIANA,                    | )   | Hon. ___Stephen C. Mahan_____  |
| *Defendants.*                        | )   | Judge Presiding                      |

## COMPLAINT

I, Andrew U. D. Straw, *plaintiff* in this action, have been oppressed as a disabled lawyer in my Virginia law license and law career by the Indiana Supreme Court and now the Virginia State Bar, which refuses to reinstate my license, resigned under duress. I request this Court to **declare** that my Indiana law license suspension lasting 7+ years was not legal or valid once VSB rejected it on 6/20/2017. I ask the Court to provide an **injunction** directed to the Virginia State Bar to restore my Virginia law license. I ask the Court to **declare** that Indiana owes me $5 million in Takings Compensation because of the 2017 VSB ORDER, which I may then enforce in Virginia on any property owned by the State of Indiana within the Commonwealth, and **other relief**, and in support depose the following as my COMPLAINT:

## FACTS

1. I incorporate by reference all of the documents present in a federal court record in California, cited as: Straw v. LinkedIn, 5:22-cv-7718-EJD (N.D. Cal. 2023). In particular, docket entries 22-1 to 22-58, which describe my physical and mental disabilities and how Indiana attacked me for my civil rights work on disability issues in federal court and took away my law career in Virginia.

1

2. I was an employee of the Indiana Supreme Court (Straw v. LinkedIn, Dkt. 22-44) from 2000 to 2002 but when my having mental and physical disabilities was revealed, including on the bar application form, the Chief Justice fired me.

3. I earned my Indiana law license in 2002 just a few weeks before I was fired by the same court that granted me this license with my bones broken and serving over 400 state courts, which I did, though my license was encumbered with medical demands. Straw v. LinkedIn, Dkt. 22-38. The Indiana Supreme Court dropped those conditions when I said they violated the ADA Title II after Tennessee v. Lane, 541 U.S. 509, 511, 525, 531 (2004).

4. The Indiana Supreme Court has also had an absolute ban on disabled people being lawyers. Ind. Adm. & Disc. R. 23, Sections 2(c) & 3(b).

5. This is an extreme anachronism that harkens back to the era when Indiana passed the first Eugenics Law on earth in 1907. Indiana gave us Stump v. Sparkman, 435 U.S. 349 (1978), where an Indiana state judge's ability to ORDER the involuntary sterilization of a young disabled woman without her knowledge or consent was allowed, shamefully, by the U.S. Supreme Court with no accountability at all for that human rights violation. Reform is overdue.

6. I have protested the way I was treated because my disabilities, physical and mental, are from the crimes of other people.

7. I am a Camp LeJeune toxic water victim,[1] a 9/11 toxic dust victim,[2] and the victim of a reckless driver as I drove to the Indiana Supreme Court to work. Straw v. LinkedIn, Dkt. 22-26, 22-27, 22-28. That reckless driver broke both my legs, my pelvis, and facial bones on 2/22/2001.

8. Instead of sympathy for my misfortunes, the Indiana Supreme Court started attacking me after I came back from 4 months of hospital and home recuperation following my multiple extensive surgeries to repair my bones from face to ankle.

9. My case was the perfect moment to repudiate the ban on disabled attorneys and actively help me recover from the reckless driver, but instead I was accused falsely of being a bad employee. Straw v. LinkedIn, Dkt. 22-46. But right before my car accident, my supervisor said that the State Court Administrator wanted to ==promote me to a Director position==. The Indiana Supreme Court simply **made up reasons** when it had no good reason to fire me. Same with the suspension, it invented reasons with ***over the top punishment***.

10. Indiana Supreme Court retaliated (Straw v. LinkedIn, Dkt. 22-6) against my ADA complaints (Straw v. LinkedIn, Dkt. 22-5) using its ADA coordinator. That Court suspended me after the Disciplinary Commission in Indiana

---

[1] Straw v. U.S., 7:23-cv-162-BO-BM (E.D.N.C.) (Camp LeJeune Justice Act case); Straw v. U.S., 23-2156 (4th Cir. 2024) (Camp LeJeune Justice Act appeal)

CLJA Claim Number: **CLS23-004519**. For my mother's wrongful death the CLJA Claim Number is **CLS23-005185**.

[2] www.VCF.gov claim number **0260945**.

originally offered me **"disability status"** with **no punishment**. When I rejected that as a sneaky way to end my law career, the Disciplinary Commission wanted a **60 day suspension**. Straw v. LinkedIn, Dkt. 22-17. The hearing officer wanted a **"brief suspension."** Straw v. LinkedIn, Dkt. 22-18.

11. I gave ample reasons not to punish me at all. Straw v. LinkedIn, Dkts. 22-12, 22-13, 22-19. My CV shows why the Supreme Court hired me in the first place.

12. My discovery demands, requests for admissions and interrogatories, revealed enough to dismiss the whole thing outright because IADC bar counsel admitted **I had not been sanctioned by any federal court** while the attack on me was only for things I did in federal courts where I was an admitted lawyer.[3] It also admitted that IADC bar counsel had offered me no sanctions in return for disability status. Straw v. LinkedIn, Dkts. 22-14, 22-15 ¶¶ 41 & 58.

13. Despite my vigorously opposing the attacks by my former employer and its many staff at every step of the way, the Disciplinary Commission Executive Director, G Michael Witte, falsely stated after I was suspended that I chose not to defend myself. Straw v. LinkedIn, Dkt. 22-24, **pages 5-6. NOT TRUE.**

14. That state supreme court's officers lie freely to cause me maximum injury both to **my law licenses** and **my reputation** as a lawyer.

---

[3] I have explained numerous times that state courts have NO POWER to interfere with federal lawsuits or what is argued in them. Crosley Corporation v. Hazeltine Corporation, 122 F.2d 925, **929** (3d Cir. 1941) ("state courts are without power to interfere with proceedings in the federal courts."). This is not disputable and is law in every circuit. Crosley has been cited over 400 times since 1941. Federal criminal law also prohibits interfering with federal lawyers like myself. 18 U.S.C. § 1503(a); DOJ concurs on obstruction of justice. Indiana ignores every law to "get me."

15. Without identifying **any crime** or **any dishonest act** on my part to merit any sanction, the Indiana Supreme Court disregarded the lighter sanctions ("disabled status," 60 days of suspension, or "brief suspension") recommended by its staff and imposed **180 days of suspension without automatic reinstatement**.

16. It is notable that the disciplinary rules (Rule 23, Sec. 3(a)) in Indiana do not allow that Court to impose BOTH a **fixed suspension** AND an **indefinite suspension** together in the same order for the same so-called "violations."

17. Moreover, bar counsel for Indiana waited over a year after the letter it sent to me demanding my response to the disciplinary attack by the ADA coordinator of the Indiana Supreme Court. The Admission & Discipline Rules are brutally clear that after 1 year of failing to file a verified complaint after such a letter, the disciplinary complaint is automatically "deemed dismissed."

18. IADC did not ask for extra time. I did not delay anything.

19. This should have gone no further in January 2016 once 1 year passed without any verified complaint.

20. LETTER: **January 5, 2015**. Straw v. LinkedIn, Dkt. 22-6, **page 1**.

21. VERIFIED COMPLAINT: **January 11, 2016**. Straw v. LinkedIn, Dkt. 22-10.

22. Bar counsel and the Court itself *ignored* Adm. & Disc. Rule 23, Section 10(h):

> (h) *Limitation on time to complete investigation.* Unless the Supreme Court permits additional time, **any investigation into a grievance shall be completed and action on the grievance shall be taken within twelve (12) months** from the date the grievance is received (or **the date a response is demanded to a Disciplinary Commission grievance**). The purpose of the deadline is to enable the Supreme Court to promote a fair

and efficient process and not to create substantive or procedural rights. Requests for additional time shall be submitted to the Supreme Court and shall briefly describe the circumstances necessitating the request. No response or objection shall be allowed. Delays caused by a respondent's noncooperation or requests for extensions of time, and periods during which the respondent is suspended from practice, shall not be counted toward the 12-month period. ==If the Disciplinary Commission does not file a Disciplinary Complaint within this time, the grievance shall be deemed dismissed.==

23. Thus, the disciplinary complaint was actually dismissed in 2016 before the verified complaint was filed, 6 days after the strict deadline in this rule.

24. ==I WAS NOT SUSPENDED UNDER THE RULES.== Indiana bent its rules and exaggerated my actions just to punish me because I complained about the disability discrimination of my former employer and many other people in the Midwest. **MY 2014 PETITION**: Straw v. LinkedIn, Dkt. 22-5.

25. Indiana stomped me out like a fire, falsely claiming my arguments in federal court were **frivolous** and **incompetent**.

26. When the 180 days expired, the Chief Justice of Indiana, Loretta Rush, on her own volition signed an ORDER on August 28, 2017, (Attached as **Exhibit 1**),[4] that allowed the 180 day suspension to ==**continue indefinitely**== without any additional finding of misconduct. She directed the Clerk of the Indiana

---

[4] Also attached as **Exhibit 2** is my motion to reinstate my Indiana law license in August 2017. **Exhibit 3** is the Indiana Attorney Disciplinary Commission response. **Exhibit 4** is my reply. My license should never have been suspended and it was the Indiana Supreme Court that violated its own rules AND the Constitution, state and federal, in refusing me justice and refusing to pay me what it owes me. **Exhibit 5** is an erroneous and abusive message from the office of the Indiana Attorney General.

Supreme Court not to file my filings but instead to merely accept them so that I was not entitled to any ORDER in response. <mark>She closed the court to me.</mark>

27. In this way, the Indiana Supreme Court, my former employer, expanded the Disciplinary Commission's bar counsel suggestion of <mark>**ZERO days of suspension with disability status**</mark> to <mark>**over 7 years of suspension**</mark> now.

28. It's truly like a summary execution without due process or any fairness and the Virginia State Bar acknowledged this fact, to VSB's credit.

29. The Indiana suspension is cited as <u>In re Andrew U. D. Straw</u>, 68 N.E.3d 1070 (Ind. 2/14/2017).[5] That ORDER is here: <u>Straw v. LinkedIn</u>, <u>Dkt. 22-20</u>.

30. I paid the costs order in 2021 in full from my Biden stimulus payment.

31. Four U.S. District Courts suspended me without any federal hearing to oppose these retaliatory discrimination abuses by my former employer. These include the U.S. District Courts for **Western District of Wisconsin**, **Northern District of Illinois**, and the **Northern and Southern Districts of Indiana**.

32. The Seventh Circuit refused to assist me on several occasions, saying I could not challenge the Indiana suspension because it was *res judicata*, which was not true. That suspension had never been challenged prior to that case and did not even exist until just days before my federal Notice of Appeal, so it was **a baldfaced lie** that the Seventh Circuit judges told to deny me relief from the suspension. <u>Straw v. Indiana Supreme Court</u>, 692 F.App'x 291 (7th Cir. 2017).

---

[5] When the 7th Anniversary of my suspension passed, I filed a notice about it to the Indiana Supreme Court (**Exhibit 7**) and a petition to end the suspension with a proposed order (**Exhibit 8**). Indiana Law License Number: **23378-53**.

33. The U.S. Supreme Court refused to review the Indiana suspension, 16-1346 (137 S.Ct. 2309), so there was **no actual review** by any other Midwest court or the highest court in the land.

34. The Seventh Circuit allowed my federal reciprocal suspensions ==**without any federal hearing**== even when I demanded such hearings. <u>Straw v. USDC</u>, 17-2523 (7th Cir. 2017). That violated Due Process.

35. While the Western District of Wisconsin and the Northern District of Illinois ==**allowed me to resign in protest at my treatment**==, the two Indiana U.S. District Courts would not. The Seventh Circuit said I had ==**no First Amendment right to resign a federal law license**==. <u>Straw v. USDC</u>, 18-2192 (7th Cir. 2018). Thus, my Indiana federal law licenses have sat suspended for 7+ years, not resigned. Preventing me from resigning was both a Due Process violation and a First Amendment violation.

36. On **June 15, 2017**, ==**the Seventh Circuit hired my Indiana hearing officer**==[6] to be a federal bankruptcy judge ==**while I was still suing him**== and ==**he was my appellee**== still before my Seventh Circuit panel. James Ahler should have lost after being hired and the Seventh Circuit, punished. But the federal judge ethics mechanisms are too weak to oppose this kind of corruption. I had to object to the Chief Judge but **she was the one who hired him!** My ethics complaints went nowhere.

---

[6] https://www.ca7.uscourts.gov/news/positions/2017_appt_Judge_Ahler.pdf

37. When I objected to the hiring of my appellee, the Seventh Circuit attacked me and banned me from making any filing in federal court and imposed a $1,000 fine, also with no justification whatsoever but the Seventh Circuit's irritation at its corruption being revealed and opposed. <u>Straw v. Indiana Supreme Court, et. al.</u>, 17-1338, 692 F.App'x 291 (7th Cir. 2017)

38. No court in the United States **hires the parties that are before it**. This is a Due Process violation of the highest order and I am the victim.

39. I am a member of the bar of the Fourth Circuit U.S. Court of Appeals, Active in Good Standing from **June 7, 1999** to present, **March 19, 2024**. I have never been sanctioned by the Fourth Circuit, my highest court law license admission.

40. See my name in the Roll of Attorneys for that Court of Appeals:

41. https://www.ca4.uscourts.gov/AttorneyBarAndECFStatus/rptN0046ActiveAtt orneyss.pdf

**VIRGINIA STATE BAR & CAMP LEJEUNE JUSTICE ACT LAWSUIT**

42. I was admitted as an attorney to the Virginia State Bar on **6/7/1999** and my VSB number is **43651**. I have never been punished in even the lightest way in Virginia for any kind of misconduct for 22 years. **1999-2021.**

43. After Indiana suspended me, the Virginia State Bar took up my suspension to determine whether I should be reciprocally suspended in Virginia.

44. The Virginia State Bar said that the Indiana suspension proceeding **"had all the grace and charm of a drive-by shooting."**

45. VSB's 5-judge panel said I had proven to a level of "clear and convincing" evidence that I should not receive any sanction at all in Virginia. The VSB ORDER (**Exhibit 9**) ==exonerated me== and imposed not even the lightest sanction.

46. The Virginia exoneration ORDER is in two federal court dockets and I provide links to both: <u>Straw v. LinkedIn</u>, <u>Dkt. 22-21</u>; <u>Straw v. U.S.</u>, 7:23-cv-162-BO-BM (E.D.N.C.) (<u>Dkt. 49-2</u>) (Camp LeJeune Justice Act lawsuit).

47. I claim that the Indiana attacks, as apparent from the <u>Straw v. LinkedIn</u> case docket, were focused on ==my mental illnesses from Camp LeJeune poisoning==, which I list in the CLJA case Short Form Complaint, <u>Dkt. 55</u>.

48. In 2001, I was forced to reveal my illnesses because this information is mandatory on the Indiana bar application. <u>Straw v. LinkedIn</u>, <u>Dkt. 22-36</u>.

49. The consent order with which I had to agree to get my Indiana license was focused on my having bipolar disorder. <u>Straw v. LinkedIn</u>, <u>Dkt. 22-38</u>

50. The U.S. Court of Appeals for the D.C. Circuit has said that it is fundamental in our system of justice for there to be appellate review of a trial court in case errors happen.[7] But Indiana takes my property by making its state supreme

---

[7] <u>Sindram v. Suda</u>, <u>986 F.2d 1459</u>, **1461** (D.C. Cir. 1993):

> Suits against clerks for damages, like those against judges, are generally not necessary to control unconstitutional conduct in light of the numerous safeguards that are "built into the judicial process," especially the =="correctability of error on appeal."== *Butz v. Economou,* 438 U.S. 478, 512, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978).
>
> https://casetext.com/case/sindram-v-suda#p1461

court into a trial court that has no mandatory review, anywhere. The Indiana Supreme Court is a 5-justice dictatorship and all Indiana lawyers must kiss their rings and not file any civil rights actions (even in federal court, not state courts) the Indiana justices may oppose politically. It happened to me. Imagine if state judges had such awesome power in the South, discriminating without consequence as <mark>local dictators</mark>, with federal judges turning a blind eye.

### PROPERTY TAKINGS FAILURES

51. The D.C. Circuit refused to compensate me for the taking of my 4 U.S. District Court law license properties by stating that it refused to review what Indiana Supreme Court did and that the United States law license suspensions could not be challenged because Indiana caused this to happen.[8] So, not only is Indiana not reviewed, but the federal courts will not be reviewed by any other federal court when they trot along behind the Indiana Supreme Court.

52. Even the federal Tucker Act, commonly used to enforce the Takings Clause of the Fifth Amendment, could not compensate my law license losses because the Federal Circuit would not review Indiana's or the federal district courts' actions. Straw v. United States, 21-1597, 21-1598 (Fed. Cir. 2021).

53. The U.S. Supreme Court unjustly criticized my well-reasoned petition in its refusal to grant certiorari.[9] The highest court is clearly part of the problem.

---

[8] Straw v. United States, 21-5300 (D.C. Cir. Mar. 1, 2022).

[9] https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-6713.html

54. The U.S. Supreme Court has refused to review any of the 5 law license suspensions, state or federal, and I have been denied certiorari **13x** for various aspects of this, and a **14th** constructively in February 2024 by making it financially impossible for me to use that court.

55. I have challenged the constitutionality of the Judges Act of 1925, which converted <mark>an absolute right to appeal into a discretion</mark>, changing the Constitution (Article III, the First Amendment, and the Due Process Clause of the Fifth Amendment) using mere legislation. Straw v. U.S., 23-16039 (9th Cir.). This appeal is still pending as of this date. My loss of that <mark>"absolute" right to appeal and get a merits decision</mark>, recognized in Moore v. Fidelity & Deposit Co., 272 U.S. 317, **321** (1926), happened 44 years before I was born.

56. I sought Takings compensation in Indiana state courts in 2021, but again, the Indiana Court of Appeals said it would not review any Indiana Supreme Court decision for takings compensation because attorney discipline is in the hands of the state supreme court under Article 7 of the Indiana Constitution. Straw v. State, 23A-PL-775 (Ind. Ct. App. Aug. 15, 2023).

57. This of course was erroneous because the Takings Clause is part of the federal Constitution and is <mark>higher law</mark> than anything in any state constitution, including Indiana Constitution's Article 7. U.S. Const. Art. IV, Cl. 2.

58. The reasoning of the Indiana Court of Appeals was erroneous because the same reasoning fails when applied to real estate. I was denied Takings Compensation because the Court of Appeals would not reverse the sanction.

But this is like saying the state does not have to pay Takings Compensation for real estate because then the real estate deal would be undone. NOT TRUE.

59. It just makes no sense at all. I was singled out for punishment that I did not deserve and was not compensated when the Constitution (state and federal) demands it for personal property just like real estate. I did not know that his would be Indiana's position until **August 15, 2023**, when the Indiana Court of Appeals issued its decision.

60. Justice Barrett on the U.S. Supreme Court gave me until **February 16, 2024**, to file my petition to review this denial of takings compensation, but I did not have the money on SSDI to do so.

61. I did not have the money to purchase 40 professionally printed odd-shaped booklets that the Supreme Court of the United States requires and I did not have $300 sitting around for the filing fee. Why? Because of the impact on my law career from being stripped of 5 law licenses and ruining a 6th.

62. My poverty when coupled with the unreasonable withholding of *IFP* status closed the U.S. Supreme Court to me in 2024.

63. My national property expert stated under oath (Straw v. LinkedIn, Dkt. 22-22) that **I was right in my 4 federal disability rights lawsuits** Indiana had attacked and that **I should be granted the full value of the 5 law licenses**.

64. My expert valued those unique licenses, the Indiana ones earned while working for the Indiana Supreme Court and hired by the Chief Justice of Indiana and the State Court Administrator. He said my law licenses were

worth **$1 million each, $5 million total**. His statement is also in the <u>LinkedIn</u> docket: (<u>Straw v. LinkedIn</u>, <u>Dkt. 22-22</u>).

65. Other courts around the nation have chosen to pile on with Indiana and use their powers of **"judicial gossip"** to cite and quote the Indiana attack without mentioning the Virginia exoneration. This happened too many times for me to list them all. Private entities have also hurt my reputation by repeating the Indiana lies and I have not been able to get compensation from coast to coast.

66. The ABA terminated my membership wrongly based on the bogus Indiana suspension and settled with me when I brought a lawsuit and appeal. <u>Straw v. ABA</u>, 18-1795 (7th Cir. 2018).

67. A legal malpractice insurance carrier also chose not to do business with me in Virginia and I sued it in Utah, obtaining a settlement. This insurance refusal to do business with me was not because of any sanction in Virginia since there were none, but solely based on the Indiana lies that Virginia renounced as a **"drive-by shooting."** <u>Straw v. Aon Plc</u>, 2:19-cv-00598 (D.UT 2019).

68. With the constant barrage of reputational injuries and the inability to get insurance, I was left with $1,430 monthly SSDI (in 2024) as my main income source. <u>Straw v. U.S.</u>, 23-2156 (4th Cir.) (<u>Dkt. 8</u> *IFP* Grant ORDER)

69. I explained this to the Virginia State Bar and petitioned to resign my license due to the stresses, the duress, that Indiana was foisting on me.

70. VSB accepted my resignation in 2021. (**Exhibit 10**)

71. When I asked the VSB to restore my license because of the duress, the misconduct of Indiana and its effects, VSB in February 2024 (**Exhibit 11**) said I had to take the bar exam again as a resigned attorney. This inflexibility in the face of my duress from Indiana is a due process violation and assists Indiana in the violation of my property and other civil, human, and constitutional rights.

72. VSB knows better than anyone how much I was damaged by Indiana.

73. VSB has a Diversity Conference that includes disability while Indiana bans all disabled people from being lawyers.

74. VSB should be bending over backwards to help me, but instead it coolly rejected my request to have my resignation **deemed into disability status** and have that removed now so I am **active in good standing** again, as I was at the moment my resignation was accepted.

75. I did not resign to escape accountability for ethics violations. I was in good standing and simply unable to pay the dues. This is not my fault, but Indiana's fault.

76. VSB should not assist Indiana in harming me, but now it stands firm by the abuses in Indiana and their effects even after ridiculing the suspension that has ruined my career.

77. VSB needs to rethink its position and start helping me instead, with the assistance of this Court.

78. My Fourth Circuit law license is my last remaining active law license and I am using my right to efile to pursue my rights at the Fourth Circuit under the Camp LeJeune Justice Act. That poisoning of me and my family underlies the discrimination inherent in what Indiana has done to me.

79. I have asked the Fourth Circuit to declare as a matter of federal law that the Indiana suspension was not valid and the Virginia exoneration of me is the controlling precedent, **last in time** final. 28 U.S.C. § 1738. Robi v. Five Platters, Inc., 838 F.2d 318, **322** (9th Cir. 1988). I have asked both the U.S. District Court in North Carolina and the Fourth Circuit for this relief, which can be provided under 28 U.S.C. §§ 451 & 2201.

80. Straw v. U.S., 7:23-cv-162-BO-BM (E.D.N.C.) (Dkt. 57-4); Straw v. U.S., 23-2156 (4th Cir. 2024) (Dkts. 53, 56)

### POVERTY & DISABILITIES

81. I am disabled severely from the crimes of others and I live on SSDI at <mark>$1,430 per month</mark> since my law licenses and career have been yanked away from me against my will.

82. I am a recognized civil rights leader and lawyer for people with disabilities. Straw v. LinkedIn, Dkt. 22-39. (ABA Disabled Attorney Spotlight, January 2014). The Illinois Court of Appeals has said I am a "public figure who works on disability issues." (p. 2). Thus, *res judicata*. It seems I earned that recognition as a way to set the bar higher for me to obtain defamation relief. Being a public figure lets people hurt my reputation virtually without limit.

83. Other examples of my civil rights leader status include creating, **founding** "Disability Party" in 2013 and **founding** "Children of Camp LeJeune" in 2015. A friend and founded Indiana University College Democrats in 1994 and that group has thousands of followers. Disability Party has thousands of followers and Children of Camp LeJeune has about 440 followers.

84. My *IFP* status was granted by the Fourth Circuit in 2023 twice, the last one here: Straw v. U.S., 23-2156 (4th Cir. 2024) (Dkt. 8).

85. *IFP* was granted in my Indiana takings case on October 5, 2021.

86. No state should be abusing someone who is a <mark>Camp Lejeune water poisoning victim</mark>, with Camp LeJeune on my birth certificate from **55 years ago on 3/19**, showing how long my suffering has lasted from the federal government's failures.[10]

87. The federal government has disrespected me and my family so much that it denied me the Camp LeJeune Family Member Program health care over where I slept at night even with my mother dying of her Camp LeJeune breast cancer while I was in Law School, my father having multiple large tumors removed, and me having 6 mental illnesses and a cardiac birth defect, all linked to the PCE that was in the water. To deny me when I was BORN at Camp LeJeune Naval Hospital in 1969 and my father served at MCAS New River for 583 days

---

[10] The Leadership Counsel maintain a webpage with FAQs and other information about the Camp LeJeune Toxic Water Litigation: https://camplejeunecourtinfo.com/faq/

during the middle of the toxic water time (1968-1970) with my mom and me living with him and using his base was **unconscionable**. But American courts are perfectly capable of being wrong, being abusive, misusing language, and being human rights violators. My life proves it. (**Exhibit 6**)

88. No state should be abusing someone who is a <mark>**9/11 victim of the toxic dust**</mark>. I was there. I breathed the toxic dust. I am a VCF.gov claimant. **0260945**

89. No state court should be abusing someone who became permanently physically disabled driving to that state supreme court to work, hit by a reckless driver. It happened to me while I served every single court in the state of Indiana, obvious from the State Court Administrator's hiring letter. Straw v. LinkedIn, Dkt. 22-44, Dkt. 22-28.

90. It is time for the abuses to end, state and federal. My honor and reputation and civil and human rights need to be restored, healed, every bit as much as my broken bones and poisoned body and mind.

91. Since federal courts across the nation have *failed me* in so many ways, including against Indiana, and Indiana just defends its own abuses using false statements and false orders, I need Virginia to help me as it did in 2017 with the 6/20/2017 VSB exoneration ORDER. Straw v. LinkedIn, Dkt. 22-21. **Exhibit 9**.

92. Indiana's courts effectively have denied without any higher review that law licenses are property protected by the Fifth Amendment and Fourteenth Amendment. Indiana courts believe the Indiana Constitution is superior law,

higher than the Fifth & Fourteenth Amendments and will not review Indiana's courts for violations. Federal courts will not protect Takings Clause rights to compensation either, leaving me lost in a loophole of gargantuan proportions.

93. The D.C. Circuit has said that "* * * the practice of law is protected by the takings clause * * *" <u>Family Div. Trial Lawyers v. Moultrie</u>, <u>725 F.2d 695</u>, **707** (D.C. Cir. 1984).

94. My law license is a "New Property" under <u>Goldberg v. Kelly</u>, <u>397 U.S. 254</u>, **FN8** (1970). It is thus an intangible property.

95. Destruction of intangible property is covered by the Takings Clause. <u>Armstrong v. United States</u>, <u>364 U.S. 40</u>, **48** (1960) (Government's total destruction of an intangible property [liens] was a compensable taking.).

96. **Personal property is treated the same as real property**: "Nothing in the text or history of the Takings Clause, or our precedents, suggests that the rule is any different when it comes to **appropriation of personal property**. The Government has a categorical duty to pay just compensation when it takes your car, just as when it takes your home." <u>Horne v. Department of Agric.</u>, <u>576 U.S. 350</u>, **358** (2015).

97. The law license properties should be considered destroyed upon the expiration of the 3-year suspension limit in the ABA Model Rules, <u>Rule 10</u>. Thus, 3 years after the suspension started on 2/14/2017 was <mark>2/14/2020</mark>. My law licenses, all 5, should be considered constructively destroyed as of that date over 4 years ago even though the Indiana law license technically still exists in its

perpetually suspended state, along with the reciprocally suspended law licenses at the federal level in Indiana.

98. I did not know that the Takings Clause and the Indiana Bill of Rights equivalent (Sec. 21) were not going to protect me in Indiana until the Indiana Court of Appeals finally said so in 2023. Straw v. Indiana, 23A-PL-775, 219 N.E.3d 76 (Ind. Ct. App. <mark>8/15/2023</mark>).

99. However, the U.S. Supreme Court has *rejected* a **state court judicial takings without compensation.** Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 159-165 (1980). There is no special dispensation to state courts that allows them to disregard the Takings Clause and steal from the public as Indiana did to me. State sovereign immunity does not allow uncompensated takings.

100.    For me, there has been no Fifth Amendment, either in the Due Process Clause sense or the Takings Clause sense, and the same is true of the Fourteenth Amendment implementation of these rights against states. I have had no rights.

101.    No matter what constitutional or statutory right I have *in theory*, Indiana can take it, trash it, lie about it, and hurt me, and I have had no legal recourse. The federal courts are so unconcerned, they hire the people I sue, my appellees, then favor them and deny me.

102.    I am in the same position as the barons oppressed by the King prior to Magna Carta.

103.    I must be made whole and no bogus sovereign that shreds every constitutional right is above me. I am a U.S. citizen, born on a U.S. Marine Corps base that poisoned me *in utero* and as a baby and killed my mother and hid it from the 1 million victims. America owes us, including its courts, which failed in MDL-2218.

104.    I have earned being higher and more deserving of help and respect from American judges than the judges who hurt me and denied me. That includes the U.S. Supreme Court justices who won't even hear me, denying my right to review and **a merits decision**. Straw v. U.S., 23-16039 (9th Cir.). Their failures to recognize my rights raise me above them by Natural Law and Divine Law. Not through my actions, but those of the USMC criminals and judicial charlatans who try to stomp me down and take my rights and property when I do not deserve that treatment.

105.    The ADA coordinator was especially heinous because she pretended to be a resource person for disabled people, the actual purpose of her role,[11] but

---

[11] "The purpose of an ADA coordinator is to prevent discrimination and to make sure that people can easily get help if they are discriminated against because of their disability."

https://disabilityrightsnc.org/resources/what-is-an-ada-coordinator/#:~:text=The%20purpose%20of%20an%20ADA,of%20their%20responsibilities%20under%20ADA.

See                                                                                     also:

https://adata.org/factsheet/ada-coord-role

she secretly attacked my disabilities[12] and my competence and spread news of her disciplinary attack to opposing counsel in my federal lawsuit so I would lose and her Court could then attack me on that basis, which it did. <u>Straw v. LinkedIn</u>, Dkts. [22-6](**p. 2**, disciplinary complaint), [22-7](refusal to assist disabled lawyer). [22-8](email contacting disabled lawyer's opposing counsel).

106.    The **retaliatory actions of the Indiana Supreme Court ADA coordinator** violated the ADA's prohibition on retaliation by a state entity (Titles II & V)[13] and ethics rules, especially ABA Model Rule 4.3[14] and its Comment 1,[15] concerning dealing with unrepresented persons.

107.    The ADA Coordinator betrayed my trust, deliberately.

108.    That **<u>ADA coordinator acted as an attorney for the Indiana Supreme Court</u>** and took legal actions against the disabled person she was meant to

---

[12] **Absolutely not allowed** under the ADA, Title II and completely contrary to the purpose of the role. The U.S. Department of Justice has described the purpose and duties            of            the            ADA            Coordinator            position:

https://archive.ada.gov/pcatoolkit/chap2toolkit.htm

[13] 42 U.S.C. §§ 12132, 12203.

[14] https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_4_3_dealing_with_unrepresented_person/

[15] https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_4_3_dealing_with_unrepresented_person/comment_on_rule_4_3/

protect and never explained that her duties to her employer would result in **retaliation against ADA petitions** such as mine. Straw v. LinkedIn, 22-5.

109. That ADA coordinator was a spider just waiting to stick her fangs into the unwary, into me. I had reasonable expectations that that kind of officer would help me as a disabled lawyer making ADA complaints, not immediately turn around and stab me in the back.

110. I made the mistake of trusting my former employer with legitimate complaints, and received retaliation in direct response by the Court's ADA coordinator. This proved everything I had said about that discriminatory court since 2001. She started hurting me nearly 10 years ago, on **9/3/2014**. I had no idea or expectation that my competence, my disabilities, and my court work for disability rights would be trashed by such a person so deliberately after I asked her for help.

111. As the U.S. Supreme Court has stated, state courts have discriminated from the Founding of the Republic. Tennessee v. Lane, 541 U.S. 509, 511, 525, 531 (2004).

112. Congress passed the ADA so all of this discrimination would stop. Unfortunately, **it has not stopped** and part of the reason is that federal courts with bad attitudes such as those in the 7th Circuit have the same discriminatory biases as the state courts there and their hatred is left to fester and cause problems. This is the problem with there being no real democratic checks on the bad attitudes of life appointed individuals.

113.     Alexander Hamilton was wrong in Federalist #78 when he glossed over the problems inherent in lifetime judicial appointments, which remain today. He effectively allowed a mini aristocracy to congeal and poison the Republic. That snake is biting me still.

114.     VSB's 5-judge panel ORDER, **Exhibit 9**, found the Indiana ADA coordinator's actions to be reprehensible and labeled the attack as **"having all the grace and charm of a drive-by shooting."**

115.     This is the final result of putting corrupt people into high office in Indiana over and over again and letting corrupt governors appoint corrupt lawyers as state justices, as political favors. Those appellate judges become the pool for federal court appointments, and this explains the problem. Those state justices use those positions ==to punish political enemies== of their ultraconservative and anti-constitutional ideology, which has strangled justice in the Indiana courts at all levels, state and federal.

116.     If the Indiana and federal constitutions are a tree, in Indiana that tree has a blight on it that prevents it from blossoming. And of course the ADA has no chance of being fully enforced in a state that bans all disabled people from being lawyers. http://ban.andrewstraw.com

117.     I have a First Amendment right to describe disability discrimination in federal court and oppose it using the Americans with Disabilities Act or the Rehabilitation Act of 1973. But the Indiana Supreme Court has decided in my

case that losing means one is incompetent and the lawsuits frivolous, even when only one of the 4 federal courts used the word frivolous in the final order.

118.    One dismissed based on **standing** and that's not an ethical violation. 2 dismissed based on contracts I signed with good and real consideration given, so those were not labeled frivolous in their final orders.

119.    My expert dispensed with the only dismissal that used the word frivolous, one time. I had no Rule 11 proceeding. There was no sanction!

120.    Essentially, because I complained about Indiana court discrimination, my losses in federal court were used to retaliate. VSB saw this for what it was and called it a **"drive-by shooting."**

121.    I lost 5 law licenses to 7+ years (85 months) of Indiana suspension basically over one federal judge approaching 100 years in age (Judge Shadur) using the word frivolous once in one order. That judge thought is was not illegal to force my Medicare claims access out of me using financial threats of $1,000 per day, with the Medicare claims access to be given to a NEWSPAPER that I claimed defamed me. It was so outrageous, that judge had his moral compass upside down.

122.    If that is the standard, such a political attack using a state supreme court, **"who shall 'scape whipping?"** Hamlet, Act 2, sc. 2.

123.    This is the same Indiana Supreme Court that has so little regard for the U.S. Constitution, it was **reversed 9-0 on the Eighth Amendment "Excessive Fines" Clause in 2019**. Timbs v. Indiana, 586 U.S. ___ (2019).

124.     Indiana's 5 corrupt justices who do not support the U.S. Constitution all **voted wrongly together** and were **reversed together**, 9-0.

125.     They should have resigned after that, but they keep right on abusing law and lawyers like me.

126.     They were reversed for trying to restrict the Bill of Rights. I was attacked and denied in federal court for trying to expand disability rights. Very big difference.

127.     The Chief Justice of Indiana, Loretta Rush, wrote that anti-constitutional <u>Timbs</u> ORDER just like she erred deliberately in my suspension case, writing a bunch of <u>nonsense</u> to cause me pain and suffering *on purpose* for over 7 years.

128.     Rush's staff started this as retaliation in 2014, nearly 10 years ago. It just never ends and it won't end in Indiana until she and her co-conspirators are gone from power and the Court takes a radically different view of disabled attorneys.

129.     Indiana courts and judges and justices disregard the Constitution and federal laws when it suits their own prejudices against disabled lawyers.

130.     Indiana bans disabled people from being lawyers.[16] This attitude must be rejected in Virginia and I must be restored in the Commonwealth where I

---

[16] An amazing fact given 60% of Harvard Law students have <u>mental health problems</u>. Moreover, the Chief Justice of the United States <u>learned ASL</u> so he could GRANT law licenses to deaf applicants to the bar of the U.S. Supreme Court. And right next door in Michigan, there is a <u>blind justice</u> on that state's supreme court. Indiana's rule would not allow any of these disabled lawyers or judges to practice in that backwards

earned my first law license while working for Mr. Alan M. Voorhees. I was a law clerk for Judge Spruill in Warsaw, Virginia, after I passed the Virginia Bar Exam and served on the VSB Task Force on Technology. Judge Spruill said he would sponsor me for U.S. District Court bar membership in the Eastern District of Virginia, but he died. He still believed in me after what Indiana did to me because he knew me.

131.     Indiana has even denied me workers compensation that my broken bones and mental illnesses obviously qualified me to receive. A.S. v. Indiana, 22A-EX-679 (Ind. Ct. App. 2022). The Court of Appeals found me to be *too competent* to get Workers Compensation, but then allowed Indiana to take away my law licenses *for not being competent* without Takings Compensation.

132.     This is how absurd the Indiana courts are. Up is down. Backwards is forwards. Indiana courts engage in Rule by Law rather than Rule of Law. This is just like Communist China, where law is whatever the Party says, whatever is expedient to Party goals. Some pigs are more equal than others. It is not about right wrong, since those judges in Indiana don't know the difference between right and wrong. To them, right means being ==favored by the right people==.

---

state. Indiana courts think that diversity efforts only mean race and gender when that is so far behind as the ABA encourages people to hire disabled lawyers and created a spotlight page to recognize such disabled lawyers nationwide as assets to the profession. I am on that page, ==January 2014==. Indiana wants to destroy me as part of its plan to reverse time and make sure no disabled person makes any effort to expand disability rights in that state, because ==that is all I did==. *7+ years of suspension!*

133. And yes, the Chief Justice of Indiana virtually screams, "off with his head" like the Red Queen in Alice in Wonderland. When I write emails to the Indiana Supreme Court, I get a menacing email auto response that my email was forwarded to Supreme Court Security. I never did anything to deserve that kind of abuse. These people act like **dictators** and shrug off the Constitution whenever convenient to their malice.

134. Perhaps they project how I will act because if they were treated like I am treated, they would become violent. We have example of Republican judges in Indianapolis choking members of the public, so there is some evidence how violent Republican judges can be.

135. I receive SSDI on the same disability basis. My SSA earnings record shows that the Indiana Supreme Court employment was the beginning of the end for my law career and crushed my earning power. Straw v. LinkedIn, 22-32, 22-33.

136. I am an asylum seeker in the Philippines and I asserted this based on American courts violating my disability human rights. (Philippines DOJ CPA Letter, **Exhibit 6**). See also: http://cpa.andrewstraw.com

137. NB: The Philippines Department of Justice calls me a "person of concern" and asks everyone to give me assistance.

## RELIEF REQUESTED

138. **FIRST**, I ask for a **declaration of law** that the February 14, 2017, Indiana Supreme Court suspension was not valid, fraudulent on its face given the facts above, and will not be enforced in Virginia, consistent with the VSB ORDER from 2017, which is **last in time final**. 28 U.S.C. § 1738. This is consistent with Robi v. Five Platters, Inc., 838 F.2d 318, **322** (9th Cir. 1988).

139. **SECOND**, I ask for a **declaration of law** that my Virginia law license was **resigned under duress** (including poverty) created by Indiana and that my Virginia law license should be **restored** with financial supports for a number of years to help me heal my reputation and career.

140. **THIRD**, this Court should **declare** that Indiana's efforts to spread word of its suspension through a national ABA database of suspensions[17] is a **burden on interstate commerce** and contrary to the **U.S. Constitution, Article I, Section 8**, Dormant Commerce Clause, by burdening law licenses in states outside Indiana and oppressing constitutional Privileges & Immunities. *See*, Supreme Court of N.H. v. Piper, 470 U.S. 274 (FN3) (1985). It should declare that not paying me as my expert said I must be paid was a violation of the 5th and 14th Amendment **Takings Clause** once the VSB ORDER was final in 2017. It should

---

[17] ABA National Lawyer Regulatory Data Bank assisted Indiana with disseminating news of its bogus suspension all across the nation, in every state, including Virginia:

https://www.americanbar.org/groups/professional_responsibility/services/databank/

declare that the way I was suspended **violated Due Process** and **infringed the right of contract** since 2 of the federal cases ended with contracts. U.S. Const. Art. 1, Sec. 10, Cl. 1. To suspend me for over 7 years when the original offer in 2016 was <mark>**"disability status without sanctions"**</mark> should be declared as **an excessive fine in violation of the** 8th Amendment, especially when I was not accused of any crime or dishonest act. While the 7th Circuit would not assist me in *any way*, violating Due Process, its past precedents have shown that a law license suspension <mark>**requires a crime**</mark>, but I committed none and was accused of none. In re Ming, 469 F.2d 1352, 1355-1356 (7th Cir. 1972).

141.     <mark>**FOURTH**</mark>, I ask for an <mark>**injunction**</mark> to the VSB so that my law license in Virginia is **reinstated to active in good standing status without needing to take the bar exam again**. My license should be **deemed** as having been in **disabled status since 2021 rather than resigned**, and activated again like VSB granted to me in 2016. Disability status comes without dues, and that was always the issue, not any violation on my part.



142.



143.

144. **FIFTH**, I should be granted in this **injunction** an **exemption from annual dues for 5 years**. This should also include **paying for my CLE** for 5 years. I expect to be paid in the next five years for my Camp LeJeune injuries to myself and for the wrongful death of my mother while I was in Law School from her Camp LeJeune breast cancer (date of death: February 26, 1997). Also, I expect my 9/11 VCF victim claim to be paid within a year. I would certainly be willing to repay the cost of my CLE when I am finally given justice in some form.

145. **SIXTH**, I ask for an **injunction** that Indiana-owned properties in Virginia be frozen and seized by the Commonwealth and sold. I should from those sales be paid for the property takings Indiana imposed without the required Takings Clause compensation, and that my expert explained amount to **$5 million**. Indiana should not be allowed to own property in Virginia while abusing Virginia's lawyers and driving them into poverty through bogus suspension and reputational attacks across state lines, using the wires.

146. **SEVENTH** and **FINALLY**, I ask that if Chief Justice of Indiana **Loretta Rush** appears in Virginia for any reason, **Rush should be arrested** for the **criminal conversion (via duress & distress and poverty she caused) of my Virginia law license property**. Her false and misleading orders caused me to resign my Virginia license rather than have it be taken from me in a humiliating way, rubbing my face in my ***poverty that Rush caused***. Rush should be a target of the Attorney General of Virginia for her crimes across state lines and into Virginia, fraudulently weaponizing the national ABA attorney discipline database with her venomous 2017 ORDER. I ask this Court to refer this criminal matter to the Virginia AG crimes office for action.

## VENUE AND JURISDICTION

147. Venue is proper in Virginia Beach, Virginia, as my Virginia law license is valid anywhere in Virginia, including Virginia Beach, when active. Giving full effect to the VSB ORDER is in the interest of any and every part of the Commonwealth because Virginia lawyers should not be injured in Virginia by the malicious acts of corrupt courts in other parts of the country, causing financial mischief that **hurts Virginia court officers across state lines** into Virginia. Takings Clause property rights are under the Fifth & Fourteenth Amendments and the Commonwealth of Virginia is fully committed like every state must be to enforce that provision in the national Constitution and Bill of Rights as implemented via the Fourteenth Amendment.

148. This is a Court of general jurisdiction and has the power to issue injunctions and declarations of law and provide constitutional damages under the Common Law and Virginia statutory law and Virginia court rules to enforce constitutional norms under the Virginia and federal constitutions. It can refer a criminal matter to the Attorney General.

149. This action is limited to the confines of the Commonwealth and how Indiana's vicious attacks have harmed an individual's law license in Virginia. Sadly, VSB would not give my law license back voluntarily, so this suit is required to force that to happen. I will take any judgment and pursue Indiana's property wherever it may be.

I verify on penalty of perjury that the above statements are true and correct or matters of opinion and my viewpoints. Dated: **March 21, 2024**.

Respectfully,

s/ Andrew U. D. Straw
9169 W STATE ST #690
Garden City, ID 83714
(847) 807-5237
andrew@andrewstraw.com

EXHIBIT LIST

1. EXHIBIT 1 – ORDER OF INDIANA CHIEF JUSTICE, 8/28/2017

2. EXHIBIT 2 – MOTION TO RESTORE LICENSE BY ANDREW STRAW

3. EXHIBIT 3 – IADC RESPONSE OPPOSING MOTION TO RESTORE

4. EXHIBIT 4 – ANDREW STRAW REPLY TO IADC RESPONSE

5. EXHIBIT 5 – CORRESPONDENCE OF INDIANA ATTORNEY GENERAL

6. EXHIBIT 6 – ASYLUM SEEKER LETTER, PHILIPPINES DOJ

7. EXHIBIT 7 – NOTICE OF 7 YEARS OF SUSPENSION

8. EXHIBIT 8 – PETITION BY ANDREW STRAW TO REINSTATE LAW LICENSE, DATED 2/17/2024

9. EXHIBIT 9 – VSB ORDER OF EXONERATION, DATED JUNE 20, 2017

10. EXHIBIT 10 – VSB ORDER ACCEPTING RESIGNATION

11. EXHIBIT 11 – VSB EMAIL REFUSING TO REINSTATE ANDREW STRAW

# CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, hereby certify that on **March 21, 2024**, the foregoing **COMPLAINT** and my **GRANTED** *IFP* **ORDER,** plus **11 EXHIBITS,** were filed via e-file with the Court. Because *IFP* is granted, I request service of summons and complaint to the following email addresses:

1. Barbara Lanier, VSB Clerk, clerk@vsb.org & Lanier@vsb.org
2. David Arthur, Office of Indiana Attorney General, David.Arthur@iag.in.gov

Since *IFP* status is granted (Case Number **CL24-1173**), I request the Clerk of Court to serve the summons and this complaint on the 3 defendants, **VSB Clerk Barbara Lanier**, **VSB** and **State of Indiana** at the following 4 postal addresses via registered U.S. Mail, signature requested:

STATE OF INDIANA
INDIANA ATTORNEY GENERAL
302 W. Washington St, 5th Floor
Indianapolis, IN 46204

INDIANA GOVERNOR
200 W. Washington St,
Indiana Statehouse, Room 206
Indianapolis, IN 46204

VIRGINIA STATE BAR                    VSB CLERK BARBARA LANIER
1111 East Main Street, Suite 700      1111 East Main Street, Suite 700
Richmond, Virginia   23219-0026       Richmond, Virginia   23219-0026

Respectfully submitted,

s/ Andrew U. D. Straw
9169 W STATE ST #690
Garden City, ID 83714
(847) 807-5237
andrew@andrewstraw.com
www.andrewstraw.com